IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-275 (RGA) ) |
| OXFORD NANOPORE TECHNOLOGIES, INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

**OXFORD NANOPORE TECHNOLOGIES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Defendant Oxford Nanopore Technologies, Inc. ("Oxford") answers Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio") Complaint for Patent Infringement filed on March 15, 2017 ("Complaint") and asserts counterclaims against PacBio as follows:

**NATURE OF THE ACTION**

1. Oxford admits that the Complaint purports to state a claim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.* Oxford denies any remaining allegations of paragraph 1.

2. Oxford admits that the Complaint purports to bring an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.* Oxford denies any remaining allegations of paragraph 2.

**THE PARTIES**

3. Oxford is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 3 and, therefore, denies them.

4. Oxford is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 4 and, therefore, denies them.

5. Oxford is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 5 and, therefore, denies them.

6. Oxford is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 6 and, therefore, denies them.

7. Oxford admits that Oxford Nanopore Technologies, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1 Kendall Square, Bldg. 200, Cambridge, Massachusetts 02139. Oxford is unsure what PacBio means by "commercialization." Oxford admits that it has sold or distributed products under the trademarks MinION and PromethION in the United States. Oxford denies any remaining allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Oxford admits that the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.* Oxford denies any remaining allegations of paragraph 8.

9. Oxford admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement based on 28 U.S.C. §§ 1331 and 1338(a). Oxford denies any remaining allegations of paragraph 9.

10. Oxford admits that this Court has personal jurisdiction over Oxford for purposes of this action only. Oxford admits that it has conducted business in Delaware and is incorporated under Delaware law. Oxford denies any remaining allegations of paragraph 10.

11. Oxford admits that venue is proper in this Court under 28 U.S.C. § 1400(b) because Oxford is a Delaware corporation. Oxford denies any remaining allegations of paragraph 11.

## BACKGROUND

12. Oxford is unsure what PacBio means by "commercializing." Oxford admits that it has distributed products under the trademark MinION in the United States. Oxford admits that it began offering a product under the trademark MinION in 2015. Oxford denies any remaining allegations of paragraph 12.

13. Oxford admits that it has distributed instruments under the trademarks MinION and PromethION, as well as reagents, consumables, and/or software for use therewith. Oxford admits that paragraph 13 includes what appears to be illustrations of the exterior and interior of a MinION device. Oxford further admits that paragraph 13 includes what appears to be an illustration of a nanopore. Oxford is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term. Oxford denies any remaining allegations of paragraph 13.

14. Oxford admits that Exhibit 6 to the Complaint, which appears to be a printout of the biostars.org website, states, *inter alia*, "[t]he PromethION, a whole box of MinION sequencers." Oxford admits that paragraph 14 includes what appears to be an illustration of a PromethION instrument. Oxford denies any remaining allegations of paragraph 14.

15. Oxford admits that paragraph 15 includes what appears to be an illustration of DNA being drawn through a hole. Oxford is unsure what PacBio means by the term "Oxford's products" — a label potentially different from "Accused Products." Oxford denies any remaining allegations of paragraph 15.

16. Oxford is unsure what systems PacBio intends to encompass by the phrase "nanopore-based DNA sequencing systems." Oxford is also unsure what PacBio means by "the signal that results." Oxford is also unsure what PacBio means by "interacts with the nanopore." Oxford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding sequencing systems generally, and therefore denies them. Oxford denies any remaining allegations of paragraph 16.

17. Oxford denies that it infringes any valid and enforceable claim of the '400 patent, literally or under the doctrine of equivalents. Oxford admits that paragraph 17 contains what appears to be a reproduction of claim 1 of the '400 patent. Oxford denies any remaining allegations of paragraph 17.

18. Oxford is unsure of what PacBio means by "Oxford's sequencing products." Oxford denies that the use of Oxford's sequencing products leads to direct infringement of any valid and enforceable claim of the '400 patent. Oxford denies any remaining allegations of paragraph 18.

19. Oxford admits that Exhibit 2 to the Complaint contains a claim chart purporting to make allegations of infringement of the '400 patent. Oxford denies that it infringes any valid and enforceable claim of the '400 patent. Oxford denies any remaining allegations of paragraph 19.

### COUNT I
**(Alleged Infringement of U.S. Patent No. 9,546,400)**

20. Oxford repeats and restates its answers to the preceding paragraphs herein and incorporates them herein by reference as though fully set forth in their entirety. Oxford denies any remaining allegations of paragraph 20.

21. Oxford admits that U.S. Patent No. 9,546,400 ("the '400 patent") is, on its face, entitled "Nanopore Sequencing Using N-mers." Oxford admits that the face of the '400 patent indicates it was issued on January 17, 2017, and lists as inventors Steven Turner and Benjamin Flusberg. Oxford admits that the face of the '400 patent indicates that it is assigned to Plaintiff PacBio. Oxford is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 21 and, therefore, denies them.

22. Oxford denies that it has infringed or continues to infringe any valid claim of the '400 patent, literally or under the doctrine of equivalents. Oxford admits that it has used the MinION instrument within the United States. Oxford denies that Exhibit 3 is or purports to be a preliminary and exemplary claim chart detailing Oxford's alleged infringement of any claims of the '400 patent. Oxford admits that Exhibit 2 to the Complaint contains a claim chart purporting to compare claims of the '400 patent to the MinION and PromethION devices. Oxford denies any remaining allegations of paragraph 22.

23. Oxford admits that U.S. Patent Application Publication No. 2010/0331194 appears to have been cited in an information disclosure statement filed in U.S. Patent Application No. 13/147,159, and that Exhibit 12 to the Complaint appears to be a copy of that information disclosure statement. Oxford admits that the face of the '400 patent claims priority to application that appears to have published as U.S. Patent Application Publication No. 2010/0331194. Oxford admits that Oxford has had knowledge of the '400 patent and PacBio's allegations of infringement since at least the service of PacBio's complaint in this action. Oxford denies that it has infringed or continues to infringe any valid claim of the '400 patent. Oxford denies any remaining allegations of paragraph 23.

24. Oxford admits that Oxford has distributed its MinION instrument and PromethION instrument within the United States. Oxford admits that, in an ongoing International Trade Commission investigation, Oxford and Oxford Nanopore Technologies Ltd. jointly admitted that those entities had imported, sold for importation, and/or sold MinION products and PromethION products within the United States. Oxford denies any remaining allegations of paragraph 24.

25. Oxford admits that Exhibit 9 to the Complaint, which appears to be a printout from the website https://nanoporetech.com, states, *inter alia*, that the technology in at least certain of Oxford's products offers "real-time DNA/RNA sequencing", "no capital cost", "long reads", "scalability", and "high-fidelity". Oxford denies any remaining allegations of paragraph 25.

26. Oxford admits that customers in the United States may purchase starter packs for Oxford's MinION instruments from the website https://nanoporetech.com. Oxford admits that Exhibit 10 to the Complaint, which appears to be a printout from the website https://nanoporetech.com/getting-started-with-minion, states, *inter alia*, "[b]uy a Starter Pack to join the growing numbers in the Nanopore Community." Oxford admits that Exhibit 11 to the Complaint, which appears to be a printout from the website https://nanoporetech.com/community/promethion-early-access-programme, states, *inter alia*, that participants in a "PromethION Early Access Programme" will receive at least "[a] PromethION device", "site installation support", and "a number of flow cells and reagent kits to validate the technology." Oxford denies any remaining allegations of paragraph 26.

27. Oxford denies the allegations of paragraph 27.

28. Oxford denies the allegations of paragraph 28.

29. Oxford admits that the MinION and PromethION instruments include protein nanopores that may be used with certain reagents for sequencing nucleic acid molecules. Oxford denies any remaining allegations of paragraph 29.

30. Oxford denies the allegations of paragraph 30.

## PRAYER FOR RELIEF

Oxford denies that PacBio is entitled to any of the relief sought in its prayer for relief against Oxford. PacBio's prayer should be denied in its entirety and with prejudice.

## DEMAND FOR JURY TRIAL

Oxford does not object to a trial by jury on all issues so triable.

All allegations not specifically admitted are denied.

## DEFENSES

By asserting the following Defenses, the burden of proof has not shifted from PacBio for any issue where PacBio bears the burden, including, without limitation, infringement. Oxford reserves the right to amend its response, including asserting additional affirmative and other defenses as they may be discovered or otherwise become available.

31. <u>Non-Infringement</u>. Oxford has not infringed, either directly, indirectly, by inducing infringement of others, by contributing to the infringement of others, or in any other manner, any valid and enforceable claim of the '400 patent either literally or under the doctrine of equivalents.

32. <u>Invalidity</u>. One or more claims of the '400 patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

33. <u>Statutory Damages Limitation</u>. PacBio's claim for damages is statutorily limited by 35 U.S.C. §§ 286, 287 and/or 288.

34. Oxford's investigation of its defenses is continuing, and Oxford expressly reserves the right to assert any additional defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or be available in the future based upon discovery and further investigation in this case.

## JURY DEMAND

35. Pursuant to FED. R. CIV. P. 38, Oxford demands a trial by jury on all issues so triable in this action.

## REQUEST FOR RELIEF

36. Oxford respectfully requests the following relief from the Court:

(1) That PacBio take nothing by its Complaint;

(2) That judgment be entered against PacBio and in favor of Oxford;

(3) That PacBio's Complaint be dismissed with prejudice;

(4) That the Court declare that Oxford does not infringe and has not infringed, directly, indirectly, or under the doctrine of equivalents, any claim of the '400 patent;

(5) That the Court declare each claim of the '400 patent is invalid and/or unenforceable;

(6) That this case be declared exceptional and Oxford be awarded its costs, expenses, and reasonable attorneys' fees in this action under 35 U.S.C. § 285; and

(7) That the Court grant Oxford such further relief the Court may deem just and proper.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld* |
|  | Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com |
| OF COUNSEL: |  |
| David G. Wille<br>Johnson K. Kuncheria<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201-2980<br>(214) 953-6595 | *Attorneys for Defendant* |
| Liz Durham Flannery<br>BAKER BOTTS L.L.P.<br>910 Louisiana Street<br>Houston, TX  77002<br>(713) 229-2104 |  |
| Stephen M. Hash<br>BAKER BOTTS L.L.P.<br>98 San Jacinto Boulevard<br>Austin, TX  78701<br>(512) 322-2500 |  |

November 27, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 27, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Edward R. Reines, Esquire<br>Derek C. Walter, Esquire<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)