

May 30, 2018

Via E-File
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

**FILED UNDER SEAL**

Re: **Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.,**
    **C.A. Nos. 17-cv-275, 1353-LPS**

Dear Chief Judge Stark:

Plaintiff Pacific Biosciences of California, Inc. ("PacBio") seeks an order compelling defendant Oxford Nanopore Technologies, Inc. ("ONT") to (1) provide a compliant production of core technical documents and (2) identify the agreed upon seven document custodians (ONT refuses to identify more than three document custodians).

**A.    Oxford Nanopore Technologies, Inc.'s Core Document Production Is Deficient**

In this case, PacBio seeks relief because ONT infringes four patents covering core technologies related to DNA sequencing using nanopores. The asserted patents pertain to (1) enzyme technology for controlling the rate at which DNA passes through a nanopore, (2) methods of interpreting signals generated from the nanopore to identify DNA sequences, and (3) methods of using both strands of a double-stranded DNA molecule to increase accuracy. Pursuant to the Scheduling Order, ONT was to produce by no later than April 13, 2018 "core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s)." D.I. 35 at 4. ONT refuses to comply.

To date, ONT's "core" document production consists exclusively of instructions that ONT makes widely available to its end-user community, describing how to *use* ONT's products. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As a matter of pure commonsense, however, documents that explain how to *use* a complex product do not necessarily show how they *work*. ONT has thus far withheld all such core internal documents that actually document how its products work.

Making matters worse, ONT's document production is largely redundant and duplicative. In total, ONT has produced 255 documents. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Out of 255 documents produced, 252 comprise these two document types, resulting in an effective production of only five technical documents.

Critically, while the operation of ONT's enzymes to control DNA passage is a core issue in this case, ONT has failed to produce even a single document on this topic, notwithstanding the fact the operation of ONT's enzymes is something its scientists have undoubtedly spent thousands of hours characterizing. In meet and confer, ONT has seemingly acknowledged the relevance of such documents, and has stated that it will produce documents related to its enzymes at some point in the future. *See* Ex. 5 [ONT 4/25 email]. Yet, despite repeated requests, ONT has refused to provide any date certain for the production of documents related to its enzymes, even though such documents should have been produced on April 13. In effect, ONT has unilaterally—and improperly—extended the Court-ordered deadline for its core document production, which improperly threatens to delay the case schedule.

Similarly, ONT has yet to produce a single document describing the methods used in its products to interpret nanopore signals and analyze data from pairs of DNA strands, which is another core issue in the case. When asked about such documents, ONT merely pointed PacBio to open-source software. *See id.* ONT did not represent that those were the methods ONT products uses, but simply that "Oxford has made publicly available certain base-calling software…in connection with the accused products." *Id.* And ONT did not even provide a production of this software, instead forcing PacBio to expend resources to extract and produce the source code back to ONT.

ONT's deficient production is not a result of there being no additional relevant documents. In fact, thousands of additional documents are readily available. Since 2015, PacBio has been involved in an ITC litigation against both ONT and its UK parent, Oxford Nanopore Technologies, Ltd. ("ONT-LTD"). In that case, ONT and ONT-LTD have produced over 277,000 documents encompassing over 810,000 pages of material, describing the design and operation of the exact features that are accused of infringing here. These documents could not be more accessible. Because the ITC case is ongoing, the documents are still in active storage on PacBio's counsel's computer servers at Weil Gotshal. They are almost certainly in the same state on Baker Botts' computer servers. The documents can thus be accessed by both parties at the touch of a finger.

ONT, however, refuses to make them available for use in this case or include any of them in its core document production. Despite the facts documented above, ONT contends that it does not have possession, custody, or control over them because they are the property of its corporate parent, ONT-LTD. Ex. 6 [ONT 4/24 email]. This is nonsense. Attached as Exhibit 7 are the production letters from the ITC proceedings, confirming that the ITC documents came not just from ONT-LTD, but also ONT. There is simply no excuse for ONT's deficient production of core documents, and the Court should order ONT to update its core document production within 7 days.

### B. Oxford Refuses To Identify The Required Number Of ESI Custodians

The Delaware E-Discovery Standard requires the disclosure of ten custodians most likely to have discoverable information. *See* Default Standard for Discovery at § 3(a). Considering the needs of the case, however, the parties agreed that only seven custodians were needed. *See* D.I. 46 at § 2(a). ONT has not even met this reduced obligation, refusing to identify more than ***three*** document custodians. ONT did *not* reveal its intent to identify only three custodians when it negotiated the custodial number down to seven on a supposed bilateral basis. Even more incredibly, only two ONT custodians supposedly have documents with technical information about the accused products. *See* Ex. 8 [ONT ESI Disclosures].

   In meet and confer, ONT claimed it only need to identify three document custodians because only three custodians have non-duplicative information. *See* Ex. 5. ONT's position is apparently based on the idea that employees of ONT's corporate parent, ONT-LTD, are immune from discovery.[1] Yet, even if one assumes this is so and considers only ONT, its position still fails.

   ONT has two physical locations in major cities in the United States—in Cambridge MA and New York, NY. ███████████████████████████████████████████████████████████████████████ Given this range of tasks, the argument that there are *only* three people with non-duplicative information is far-fetched.

   Indeed, a cursory review of publicly available ONT profiles reveals a spectrum of high-ranking ONT employees in the United States who plainly have relevant information. *See, e.g.*, Ex. 10 [Matt Holden, Principal Scientist]; Ex. 11 [Kristen Stoops, Senior Director of Business Development]; Ex. 12 [Eoghan Harrington, Senior Applications Bioinformation]; Ex. 13 [Ken Healy, Principal Scientist]; Ex. 14 [Concetta DiPace, Senior Technical Application Specialist]; Ex. 15 [John Beaulaurier, Applications Bioinformatician]; Ex. 16 [Michael Micorescu, Associate Director of Technical Services]. One such employee, Marcus Stoiber, proclaims on his LinkedIn profile to be "developing computational tools to extract maximal information from raw nanopore data and enable the vast applications of the nanopore technology." Ex. 17 [Marcus Stoiber, Data Analyst]. Despite the importance of ONT's algorithms to this case, neither Mr. Stoiber nor any of the other seemingly relevant individuals were deemed by ONT's counsel to have non-duplicative relevant information.

   On April 25, the parties held a meet and confer to discuss ONT's inadequate disclosure of custodians. ONT agreed that the ESI stipulation requires identification of all custodians with non-redundant ESI, up to seven. ONT contended that its basis for arguing that there were only three people with non-duplicative documents is privileged work product. When asked, ONT stated that there were no non-privileged facts or circumstances justifying its position that it had only three people with non-duplicative information. The Court should order ONT to promptly identify seven custodians.

//

//

Respectfully submitted,<br>
/s/ Michael J. Farnan<br>
Michael J. Farnan

cc:  Counsel of Record (via E-Mail)

---

[1] This contention is without merit. Regardless, PacBio is moving concurrently with this letter to amend its complaint to have ONT-LTD added as a party.