# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

_____

(302) 658-9200
(302) 658-3989 FAX

JACK B. BLUMENFELD
(302) 351-9291
jblumenfeld@mnat.com

June 1, 2018 - Original Filing Date
June 8, 2018 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark                          *VIA ELECTRONIC FILING*
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:     *Pacific Biosciences of California, Inc. v. Oxford Nanopore Technologies, Inc.*
        C.A. No. 17-275 and 17-1353 (LPS)

Dear Chief Judge Stark:

        The discovery dispute raised by plaintiff Pacific Biosciences of California, Inc. ("PacBio") is
a problem of its own making.  PacBio decided to sue only Oxford Nanopore Technologies, Inc.
("ONT Inc.") in its two complaints and in its amended complaints even though it knew from prior
litigation that UK-based Oxford Nanopore Technologies Ltd. ("ONT Ltd.") designs and
manufactures the accused products, and thus is more likely to have technical documents and
employees involved with the accused products.  The defendant, ONT Inc., only sells and supports
the accused products in the U.S.  PacBio's decision not to sue ONT Ltd. does not permit it to
circumvent the proper mechanisms for obtaining discovery in the possession of ONT Ltd. as a third
party.[1]  The Court should deny PacBio's requests.

        1.      ONT Inc. Has Produced Core Technical Documents.

        PacBio misstates the nature and scope of core technical documents ONT Inc. has produced.
PacBio dismisses the numerous instruction booklets and checklists produced by ONT Inc. as merely
"describing how to *use* ONT's products."  But the Court's Default Standard and the scheduling order
in this case expressly include materials such as "operation manuals" and "product literature" as core
technical documents.  *See* D.I. 35 at 4.  As noted above, the defendant ONT Inc. does not design or
manufacture the accused products, so ONT Inc. does not have the schematics, specifications, or
other design and manufacture-type documents that PacBio apparently wants.

        PacBio's assertion that ONT Inc. has "failed to produce even a single document" on the
"core issues" relating to its patents (D.I. 59 at 2) is wrong. █████████████████████████

████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████████

---

[1]     More than a year after it filed these lawsuits, PacBio now wants to amend its complaint to name
        ONT Ltd. as a defendant, presumably so it can get the discovery it wants.  PacBio says that it "is
        moving concurrently with this letter to amend its complaint to have ONT LTD added as a party"
        (D.I. 59 at 3 n. 1), but it has not done so.

The Honorable Leonard P. Stark
June 1, 2018
Page 2

████████████████████████████████████████████████████████████████
███████████████████████████████████████████████.[2]  ONT Inc. has also directed PacBio to specific websites where base-calling software for use with the accused products in interpreting nanopore signals can be downloaded.[3]  And ONT Inc. has collected additional source code relating to the accused products that it will make available for inspection by PacBio.  If these core technical materials do not show the features claimed by PacBio's patents, that does not make ONT Inc.'s production deficient, particularly since the accused products do not practice those patents.  ONT Inc. is not required to create documents it does not have that specify the presence or absence of the claimed features of PacBio's patents in the accused products.

Although ONT Inc. is not obligated to collect or produce core technical documents of third parties, or to produce all technical documents as part of its core technical document production,[4] it has repeatedly offered to accelerate its production of additional technical documents relevant to this case, including technical documents generated by ONT Ltd. to the extent that ONT Inc. has access to them.  See Ex. C, 4/25/2018 e-mail from L. Flannery; Ex. D, ONT Inc.'s Resp. to 2nd Set of RFPs, at 8-9.  ONT Inc. is actively working to identify, collect, and produce those documents.  PacBio's apparent dissatisfaction that ONT Inc. has not produced those documents as quickly as it would like or committed to an early deadline for their production is not a reason to order ONT Inc. to further accelerate production of those documents of ONT Ltd., an overseas third party.[5]

PacBio also asserts that ONT Inc. produced other core technical documents in a prior ITC case between the parties, and that there is no reason those documents cannot be made available here. ████████████████████████████████████████████████████████████████ ██████████████████████████████████████  ONT Inc. does not have the authority to ignore the ITC's protective order[6] and use ONT Ltd.'s and Metrichor Ltd.'s confidential information from that action in a different lawsuit and a different forum; neither does PacBio.[7]  PacBio is not entitled to access the

---

[2]  ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

[3]  See Ex. C, 4/25/2018 e-mail from L. Flannery.  Although PacBio complains that this "forc[es] PacBio to expend resources" to obtain the source code (D.I. 59 at 2), it does not explain how it fails to satisfy ONT Inc.'s production obligations, or why it is more burdensome than downloading a document production from ONT Inc.

[4]  The deadline for the substantial completion of document production is more than five months away.  D.I. 35 at 4.

[5]  PacBio asks the Court to "order ONT to update its core document production within 7 days." (D.I. 59 at 2.)  If the Court is inclined to order ONT Inc. to produce more technical documents, 7 days is too short to be practicable, particularly since any such documents are overseas.

[6]  See Ex. G, Protective Order from ITC Inv. No. 337-TA-1032.

[7]  ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████.

The Honorable Leonard P. Stark
June 1, 2018
Page 3

full scope of information produced in an ITC case by different parties, brought on different patents with different substantive issues (*e.g.*, domestic industry, public interest factors), different procedural demands (*e.g.*, shorter discovery response times), and different protections for business information (*e.g.*, closed hearings). ONT Inc. and the other respondents produced information in that case that is not relevant to PacBio's claims in this case. In any event, there is no basis to allow PacBio *carte blanche* access to documents from the ITC case involving different parties that PacBio decided not to sue in these actions.

        2.   <u>ONT Inc. Has Identified the Appropriate Document Custodians.</u>

PacBio asserts that "the parties agreed that only seven custodians were needed." (D.I. 59 at 2.) That is not what the parties agreed to. The stipulated electronic discovery order ("the ESI Order") requires each party to identify "[t]he custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely, ***with a maximum of 7 custodians disclosed***." D.I. 46 at 3 (emphasis added). That was a maximum, not a requirement. ONT Inc. has identified its employees that it understands have non-duplicative, discoverable information as the ESI Order requires, and will identify any additional ONT Inc. employees that it later learns have discoverable information.[8]

PacBio's letter lists other ONT Inc. employees. Based on ONT Inc.'s investigation to date, however, it does not believe that any of them have discoverable information relevant to this case. None of those employees' LinkedIn biographies cited by PacBio (D.I. 59, Exs. 10-17) mention any of the accused products in this case (*e.g.*, MinION, GridION, PromethION). In any event, as discussed above, ONT Inc. does not design or manufacture the accused products. Its employees' roles regarding those products involve customer support activities, which are not relevant to PacBio's patent infringement claims. ONT Inc. scientists are also not involved in the design or development of the accused products, but instead focus on development of solid state nanopore devices and other future generations of nanopore systems that are not related to the accused products. *See* Ex. I, https://nanoporetech.com/how-it-works/types-of-nanopores; D.I. 59, Ex. 9 at 93:21 – 94:1. Nothing in the ESI Order requires ONT Inc. to identify such employees whose activities and responsibilities are not relevant to this case. And the ESI Order does not require either party to identify custodians of third party documents, regardless of whether such documents are discoverable.[9]

*        *        *

PacBio's discovery requests should be seen for what they are – an attempt to get party discovery from third parties without either joining them as parties or going through proper third party process. Its requests should be denied.

---

[8] ███████████████████████████████████████████████████████
███████████████████████████████████████████████.

[9] While conferring on this issue, counsel for PacBio stated that if ONT Ltd. were joined as a defendant, it would expect ONT Ltd. to identify an additional 7 custodians pursuant to the ESI Order, thus doubling the maximum number of custodians to which the parties agreed.

The Honorable Leonard P. Stark
June 1, 2018
Page 4

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosures
cc:     All Counsel of Record (Via Electronic Mail; w/ encl.)