IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 17-275-LPS |
| | : | C.A. No. 17-1353-LPS |
| OXFORD NANOPORE TECHNOLOGIES, INC. and OXFORD NANOPORE TECHNOLOGIES, LTD., | : : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio" or "Plaintiff") Motion for Reconsideration (D.I. 156) of a portion of the Court's Claim Construction Order (D.I. 153; *see also* D.I. 152).[1] By its motion, PacBio asks the Court to reconsider its ruling that the term "kinetic step" is indefinite. (D.I. 152, 153) Defendant Oxford Nanopore Technologies, Inc. ("ONT" or "Defendant") opposes the motion. (D.I. 188) **IT IS HEREBY ORDERED** that PacBio's motion is **GRANTED**.

## I. LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, motions for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions

---

[1]All citations are to C.A. No. 17-275, unless otherwise noted.

1

are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may generally be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

In its claim construction opinion, the Court determined that the term "kinetic steps" in claim 1 of the '056 patent is indefinite. (D.I. 152 at 19-21) The Court concluded that claim 1 "requires that the enzymatic reaction be able to be characterized in terms of a precise number of steps," but that a POSA[2] would not "be able to determine the number of kinetic steps and each

---

[2]The Court finds that the level of skill set forth by both parties' experts are nearly identical. (*See* D.I. 95 at 4; D.I. 125-4 at 4) The Court's analysis is the same under both definitions.

2

step's rate constant . . . with reasonable certainty." (*Id.* at 20-21)

PacBio contends that reargument is appropriate because the Court misapprehended the claim language, failed to consider Dr. McHenry's expert opinions and ONT's IPR petition, and lacked the opportunity to consider a newly-produced ONT document. Upon another careful review of all the evidence presented to date, the Court concludes that it misapprehended certain factual arguments and would benefit from the presentation of additional evidence before making a final determination on indefiniteness.[3] Accordingly, the Court is no longer persuaded that a POSA necessarily must be able to determine the number of kinetic steps in a reaction as well as each step's rate constant.

Claim 1 of the '056 patent requires that "the translocating enzyme and the reaction conditions are selected such that the translocating enzyme exhibits two kinetic steps wherein each of the kinetic steps has a rate constant, and the ratio of the rate constants of the kinetic steps is from 10:1 to 1:10." PacBio argues, and as the Court recognized, "[t]he actual observed behavior of an enzyme is independent of the underlying theoretical model one uses to describe the steps by which that enzyme operates, which can include countless inconsequential steps that do not impact the behavior the enzyme actually 'exhibits.'" (D.I. 156 at 2) It is also true that "[t]he claims only require that the enzyme 'exhibit' two kinetic steps in actual operation." (*Id.*) However, there is a factual dispute regarding whether a POSA would be able to determine, with reasonable certainty, which two steps of the reaction are the "two kinetic steps" cited in the claim.

---

[3]The parties may move for summary judgment relating to indefiniteness and/or may present the issue at trial.

3

PacBio states that all of the steps in an enzymatic reaction, such as depicted in Figure 32 of the patent, are kinetic steps, but that the two kinetic steps *exhibited* by the reaction are "two or more kinetically observable or slow steps," or those that "will contribute to the kinetics of the reaction." (*Id.* at 4-5; *see also* Tr. at 129; '056 patent at 26:22-27, 26:54-57) In other words, PacBio contends that the claims "are not concerned with the total number of possible kinetic steps . . . , but only whether the enzyme 'exhibits' two steps." (D.I. 156 at 5) PacBio further argues that a POSA may make this determination by simply observing the reaction and plotting it on a probability density for residence time graph, such as the one in Figure 33. (*See id.* at 6) Citing Dr. McHenry's declaration, PacBio contends that "[i]f the enzyme exhibits a peaked double exponential curve . . . , then a [POSA] would understand that the enzyme 'exhibits' two kinetic steps with rate constants within the ratio of 10:1 to 1:10," but "[i]f the enzyme exhibits a single exponential curve, then it does not." (*Id.* at 7)

As ONT points out, the phrase "kinetic step" does not appear in the specification, and the description of Figure 33 in the patent does not use the term "kinetic steps" nor does it specify a ratio of rate constants. (*See* D.I. 188 at 5-6) ONT also notes that, at his deposition, Dr. McHenry was not able to determine with reasonable certainty whether there would be infringement when in the "gray area" between a single exponential curve and a bell-shaped curve. (*See id.* at 6; D.I. 133-1 at 189-92) ONT's contentions implicate factual disputes, including whether the infringing ratio can be determined with reasonable certainty.

In the context of the patent, the term "kinetic steps" has both broad and narrow meanings. The patent often uses the word "kinetic" narrowly with "slow" or "observable" (*see, e.g.,* '056 patent at 24:35-36, 25:12-13, 26:23-24, 26:41-66), noting that "[f]or the current invention, the

4

slow, or kinetically observable steps, need not be the slowest step or the rate-limiting step of the reaction" (*id.* at 26:63-66). PacBio asserts that all steps in the reaction are kinetic steps (*see* Tr. at 129), so its expert coined the phrase "two dominant kinetic steps" to refer to the "important" steps discussed in the claim element at issue (*see, e.g.*, D.I. 125-4 at 12). ONT's IPR petition referred to different steps for different references, sometimes referring to the fastest steps as one of the two kinetic steps. (*See* D.I. 188 at 8; D.I. 125-6) The newly-produced document also refers to kinetic steps more broadly, as it discusses changing the distribution of events by "either adding in additional kinetic steps or by altering the rates of existing kinetic steps." (D.I. 157-1 at 2)

Based on the foregoing, the Court concludes that the claim is referring to a particular pair of "two kinetic steps." The patent often uses the word "kinetic" to refer to the particularly slow and observable steps, though not necessarily the two slowest steps. The parties' arguments, and much of the evidence, discuss "kinetic steps" more broadly to relate to all of the steps in the reaction. With this being the state of the record, the Court, on further consideration, is unable to find that ONT has proven by clear and convincing evidence that a POSA would lack reasonable certainty as to the "kinetic steps" of the claim. Further proceedings will be necessary to resolve this indefiniteness dispute.

The present record also now leaves the Court uncertain as to whether a POSA would need to be able to identify the two kinetic steps in the reaction in order to assess infringement. PacBio argues that the ratio of rate constants of the two kinetic steps and, therefore, infringement, can be determined without isolating the two kinetic steps and without knowing the value of their rate constants. (*See* Tr. at 146-48) While Dr. McHenry opines that the kinetics of the claimed system

"necessarily results in behavior as described by Fig. 33" (D.I. 125-4 at 10), he does not clearly opine (despite PacBio's attorneys' insistence) that observation of a peaked double exponential curve necessarily results in a ratio of rate constants between 10:1 and 1:10. While ONT's expert agrees that "one can know the ratio without knowing individual values," he (like Dr. McHenry) also does not explain how the ratio is determined from observation of the reaction. (D.I. 156 at 8) Indeed, Dr. McHenry testified that he may "stumbl[e]" on determining infringement when in the "gray area." (*See* D.I. 133-1 at 189-92)

While courts may resolve factual disputes when considering indefiniteness in connection with claim construction, *see Mobilemedia Ideas, LLC v. Apple Inc.*, 178 F. Supp. 3d 209, 219 (D. Del. 2016), under the circumstances here, the Court would benefit from further development of the record, including expert discovery.

PacBio had proposed that "kinetic step" should be construed as "a reaction step that can be associated with a rate constant." (D.I. 91 at 16) It is undisputed that each step in a reaction is associated with a rate constant. (*See* D.I. 95 at 6) Indeed, the claim language itself provides that "each of the kinetic steps has a rate constant." ('056 patent, cl. 1) Thus, the Court finds that PacBio's construction is not helpful in resolving the parties' dispute and, therefore, will not adopt it at this time.

Accordingly, **IT IS HEREBY ORDERED** that:

1) PacBio's motion for reconsideration (D.I. 156) is **GRANTED**.

2) The term "kinetic step" in U.S. Patent No. 9,678,056 is not yet proven indefinite and need not be construed at this time.

June 12, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE