IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 17-275 (LPS) <br> C.A. No. 17-1353 (LPS) <br><br> REDACTED -- PUBLIC VERSION |

**LETER TO THE HONORABLE LEONARD P. STARK FROM JENNIFER YING REGARDING OXFORD DEFENDANTS' OPPOSITION TO PLAINTIFF PACIFIC BIOSCIENCES' MOTION FOR LEAVE TO AMEND**

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
David Varghese
Jeff Gritton
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Original Filing Date: July 18, 2019
Redacted Filing Date: July 25, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*

Dear Chief Judge Stark:

Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio") request for leave to file amended complaints asserting new willfulness allegations after the pleading amendment deadline has passed and on the eve of the close of fact discovery should be denied, because PacBio has not shown good cause under Fed. R. Civ. P. 16(b)(4). Further, PacBio has unduly delayed in seeking leave, and the proposed amendment is both futile and highly prejudicial to ONT. *See* Fed. R. Civ. P. 15(a)(2).

I.  **PacBio Has Not Met the Good Cause Standard Under Rule 16.**

These litigations have been pending for over two years. The deadline to amend passed over three months ago, on April 1, 2019. D.I. 118 at ¶ 3.[1] Yet, PacBio waited until June 28, less than 3 weeks before the close of fact discovery, to provide its new allegations of willful infringement. PacBio then waited until July 11, more than a week after ONT said it would not consent to the amendment, to file its motion.

A "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the party seeking the amendment, PacBio must establish good cause by showing that "the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. CV 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

PacBio's request should be denied because it has not explained why it was unable to meet the April 1, 2019 deadline despite reasonable diligence. Instead, PacBio argues that it approached ONT about alleging willfulness "about a month" after the depositions of Mr. McDonald and Dr. Willcocks.[2] D.I. 268 at 2. But PacBio ignores that the relevant information was in its possession well before the April 1 deadline. For example, the documents cited in PacBio's letter and proposed amendments were produced to PacBio more than 2 years ago in the prior ITC litigation, and were made available for use in this case by the Court's February 19 Order, which allowed use of the earlier ITC-produced documents. D.I. 154 at 33:6-11. Further, ONT served interrogatory responses more than a year ago—in March 2018—identifying when it first became aware of the three then-asserted patents.[3] Ex. A (3/19/18 Responses) at pp. 8-9.

Despite possessing this information, PacBio waited years before seeking to add willfulness allegations. Indeed, PacBio has amended its complaints several times, but never even raised the issue of willfulness despite having previously made same the allegations it asserts as the basis of its willfulness claims— ▮▮▮▮▮ *See* D.I. 83, ¶ 32, C.A. No. 17-1353 D.I. 113, ¶¶ 39, 62, 76; *see also Delaware Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. No. 13-2108-RGA, 2016 WL 720977, at *9 (D. Del. Feb. 23, 2016) (denying leave to amend where plaintiff failed to allege willfulness in prior amendments).

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 17-275.
[2] Dr. Willcocks was deposed on May 1, nearly two months before the June 28 date.
[3] ▮▮▮▮▮

1

Further, even if PacBio needed additional information to make its willfulness allegations, it was not diligent in seeking it. For example, on March 22, 2019, just days before the pleading amendment deadline, PacBio served an interrogatory directed to when ONT first became aware of the applications issuing as the patents-in-suit as well as deposition notices for ONT employees including Mr. McDonald and Dr. Willcocks.[4] Despite allegedly believing ONT had willfully infringed at the time PacBio filed its complaints (D.I. 268 at 1), PacBio waited to serve these requests until it was too late to get a response before the deadline for amending pleadings. If PacBio thought these interrogatories were relevant to allegations of willfulness, it could have sought an extension of the deadline to amend pleadings. Indeed, the parties had stipulated to extend other deadlines just a few weeks earlier. D.I. 148. But PacBio made no such request.

The cases cited by PacBio are distinguishable. For example, in *Guardant Health*, the court stated that the dispute was "primarily" about whether the amendment was futile and the court addressed good cause in only a single sentence without substantive analysis. *Guardant Health, Inc. v. Personal Genome Diag., Inc.*, C.A. No. 17-1623-LPS-CJB, D.I. 277 (D. Del. June 5, 2019). In *TC Tech.*, the court found good cause to amend where the information obtained through the deposition was inconsistent with prior discovery responses, but PacBio has identified no such inconsistency here. *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-RGA, 2019 WL 529678, at *2 (D. Del. Feb. 11, 2019). And the *Roquette Freres* court found that the moving party was justified in taking additional discovery before seeking leave to amend because the inequitable conduct claim at issue must be pled with particularity, a requirement that is not at issue here. *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *5 (D. Del. May 21, 2009). Further, the party opposing the amendment only made a cursory reference to Rule 16 "without any developed argument" and the request for leave to amend was made several months before the close of fact discovery. *Id.* at *6.

Unlike these cases, here PacBio argues that the deposition testimony supports the same conclusion as the documents that were already long in its possession—████████████ ████████████████████████. In such circumstances, PacBio cannot show good cause for its failure to meet the deadline for amending pleadings.

---

[4] PacBio incorrectly suggests that the requested deposition of Gordon Sanghera is somehow relevant to its delayed request for leave. But PacBio waited until May 14, 2019, more than 6 weeks after the amendment deadline, to even request Dr. Sanghera's deposition, D.I. 230, after which ONT promptly informed PacBio that it would oppose that deposition under the apex doctrine. Ex. B (5/20/19 e-mail from L. Flannery). Over a month later, PacBio said it would forego Dr. Sanghera's deposition if ████████████████████████████████████████████████████. Ex. C (6/28/19 e-mail from R. Magee). ONT was still considering that proposal when PacBio first provided its proposed amended complaints on that same day (Friday June 28), and then the following Monday asked the Court to compel Dr. Sanghera's deposition. Any delay in obtaining Dr. Sanghera's deposition falls solely on PacBio.

2

II.     Leave to Amend Should Be Denied Under Rule 15

Even if the Court finds good cause for PacBio's failure to meet the deadline for amending pleadings, the Court should deny PacBio's request because the amendment is futile, PacBio has unduly delayed seeking the amendment, and the amendment is highly prejudicial to ONT. *See Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007).

   A.     **PacBio's Proposed Amendment is Futile.**

PacBio has not sufficiently alleged knowledge of the patents-in-suit or that ONT knew or should have known its conduct amounted to infringement of the patents. "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). To plead willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).



PacBio's proposed amendments fail because they do not allege knowledge of the patents-in-suit before it filed suit. Instead, they merely allege (at most) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ But, mere allegations of ▬▬▬▬▬▬▬▬▬ are insufficient to plead willful infringement. *See Callwave Commc'ns, LLC v. AT&T Inc.*, C.A. No. 12-1701-RGA, 2014 WL 12709662, at *2 (D. Del. Nov. 5, 2014) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it." (quoting *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)). PacBio does not allege that the claims of the cited published applications are comparable to the as-issued claims of the patents-in-suit, because they are not. Three of the four applications published *after* PacBio initiated this litigation, and the claims in the published applications were rejected by the USPTO, significantly amended in prosecution, and do not represent the claims that eventually issued in the patents-in-suit. *See* D.I. 127 at 10 (discussing amendments to the claims during the prosecution of the '400 patent). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ cannot support a claim for willfulness.

Specifically, in the -275 action, PacBio alleges that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ D.I. 268, Ex. C at ¶ 34. PacBio further claims that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Thus, PacBio has not plausibly alleged that ONT knew of the '400 patent itself, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Similarly, in the -1353 action, PacBio fails to allege knowledge of the asserted patents, instead simply alleging ▬▬▬▬▬▬▬▬▬▬▬▬▬ D.I. 268, Ex. D at ¶ 42.

PacBio's proposed amended complaint also fails because it does not allege that ONT knew, or should have known, that its conduct amounted to infringement of the patents-in-suit. Notably, the '400 patent, the first of the three patents-in-suit, issued in January 2017 and PacBio filed this

3

lawsuit less than two months later. PacBio has provided no allegations indicating that during this brief 2-month period ONT knew or should have known that it infringed the '400 patent. Similarly, the remaining patents-in-suit issued while litigation between the parties was ongoing and were asserted shortly after issuance.

Although PacBio alleges that ONT was "willfully blind to the existence of these patents," it never alleges that ONT knew or was willfully blind about whether ONT's products infringe the asserted patents. D.I. 268, Ex. C at ¶ 39, Ex D at ¶ 42. The language in the proposed amended complaints is nearly identical to that found insufficient by the court in *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). There the plaintiff "allege[d] in its complaint only that '[the defendant] has been willfully blind to [each] patent's existence.'" *Id*. The court found that the allegation did not constitute an allegation of willful blindness to infringement, struck them, and dismissed plaintiff's claim for enhanced damages. *Id*. For the same reason, PacBio's request for leave to amend should be denied.

Rather than plead that ONT knew, or should have known, about its alleged infringement, PacBio argues that, because ONT had two IPR petitions denied and withdrew a third, ONT "has no reasonable belief" regarding noninfringement or invalidity of the patents in suit. D.I. 268 at 3. But this argument fails because the referenced IPRs are nowhere mentioned in the proposed amended complaints and thus cannot provide the basis for pleading willfulness. This argument also highlights that PacBio's proposed willfulness claims—which are based almost entirely on ONT's conduct during the course of the litigation—would likely create a sideshow that detracts from the actual issues at trial. PacBio's post-litigation willfulness theories and assertions regarding ONT's alleged ████████████████████████ un-issued patent applications, and denied and withdrawn IPRs would need to be balanced against, for example, PacBio's unsuccessful assertions of prior infringement claims against the same ONT products based on patents with related subject matter during the alleged willfulness period (D.I. 143), and the Court's initial finding that the claims of the '056 patent were indefinite (D.I. 156) that prompted ONT to withdraw its IPR petition (*see* Ex. E (No. IPR2018-01795, Paper 7 (P.T.A.B. Mar. 25, 2019))). Such events would be directly relevant ONT's state of mind during the same period that PacBio alleges ONT was "willfully blind" to its patent rights, and ONT would be forced to proffer evidence of these concurrent proceedings and rulings to rebut PacBio's allegations.

PacBio also selectively quotes from , PacBio has never asserted the referenced patent against ONT, and, even now, does not argue that there is any basis for believing that ONT infringes that patent.

Nor can PacBio's complaints alone provide the basis for alleging ONT knew of the asserted patents or of its alleged infringement. At least one Delaware court has held that "the complaint itself cannot serve as the basis for a defendant's actionable knowledge. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech.*,

4

2019 WL 1349468, at *2.

Because PacBio has not alleged that ONT had knowledge of the patents-in-suit or knowledge that its conduct constituted infringement, its claim for willful infringement is futile, and its motion for leave to amend should be denied.

### B. PacBio Unduly Delayed Seeking Leave to Amend.

As explained above, PacBio failed to show good cause for seeking leave to allege willfulness after the deadline. But even after the deadline, PacBio further delayed its amendment, ensuring that, if allowed, it would occur only after the July 15 close of fact discovery.

For example, on April 22, ONT responded to PacBio's interrogatory regarding when ONT became aware of applications that issued as the asserted patents, and on April 30, ONT amended its response to PacBio's interrogatory to indicate when it became aware of the fourth and final asserted patent. On May 1, PacBio took the deposition of Dr. Willcocks. At this time PacBio could have raised its allegations with nearly two and a half months of fact discovery remaining, but failed to do so. Even after the deposition of Mr. McDonald on May 29, PacBio waited another month to provide ONT with its proposed willfulness allegations. By the time PacBio finally filed its request for leave on July 11, it had ensured that fact discovery would close before its amendments could be considered by the Court, and deprived ONT of the ability to pursue discovery regarding these new allegations.

### C. PacBio's Delayed Amendments Would Prejudice ONT.

Because PacBio waited until the close of fact discovery, its amendment is prejudicial to ONT. *See Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) (finding "prejudice to plaintiff is inherent" when pleadings are amended after the close of fact discovery). For the first time, PacBio alleges that willfulness may be inferred from ███████████████████████████████████████████████ ONT has had no opportunity to take discovery regarding the subject matter and claims of these patents and applications and thus to what extent (if any) knowledge of the applications could be said to convey any knowledge of the subject matter of the asserted claims. As noted above, PacBio's proposed new claims would also make highly relevant the concurrent litigation and IPRs between the parties and this Court's prior rulings during the same period of ONT's alleged willful infringement—evidence that ONT is now unable to develop further in order to defend against a willfulness allegation.

Further, ONT has had no opportunity to take discovery regarding PacBio's contentions that the alleged infringement is "wanton, malicious, and bad-faith," as is required for a finding of willful infringement. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, No. 2017-2223, 2019 WL 3069031, at 19 (Fed. Cir. July 12, 2019). The absence of any allegations of such conduct in PacBio's proposed complaints further compounds this prejudice, despite PacBio's insistence that such allegations of "egregious conduct" are not required. *See* D.I. 268 at 3. In short, the proposed amendment is highly prejudicial because it would force ONT to defend against claims of willfulness with no discovery into the patents and applications that allegedly put ONT on notice or into conduct that PacBio alleges is egregious.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Enclosures

cc:    Clerk of the Court
       All Counsel of Record