IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-275 (LPS) (JLH) ) C.A. No. 17-1353 (LPS) (JLH) ) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) REDACTED -- PUBLIC VERSION ) |
| Defendants. | ) ) |

**RESPONSIVE LETTER TO THE HONORABLE JENNIFER L. HALL
REGARDING DR. SANGHERA AND MR. BROWN'S DEPOSITIONS**

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
Jeff Gritton
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6595

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Original Filing Date: August 9, 2019
Redacted Filing Date: August 16, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*

Dear Judge Hall:

Clive Brown and Gordon Sanghera, Oxford Nanopore Technologies, Ltd.'s ("ONT") CTO and CEO respectively, are high-ranking officials that have no discoverable, relevant information that PacBio could not have obtained from other witnesses. As such, Pacific Biosciences of California Inc.'s ("PacBio") request to compel their depositions should be denied under the apex doctrine.[1]

Although PacBio claims to be an "early innovator in nanopore sequencing" (D.I. 288 at 1), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Instead, PacBio's only nanopore-related "innovation" was to obtain patents that purport to cover nanopore sequencing and assert them in multiple lawsuits against ONT. Following an unsuccessful suit before the International Trade Commission ("ITC") (which was dismissed on summary determination and affirmed on appeal), PacBio now asserts four new patents against the same ONT products accused at the ITC. PacBio is also being acquired by Illumina, yet another company that has targeted ONT in patent litigation but similarly lacks any of its own nanopore sequencing products.

Fact discovery closed almost a month ago on July 15, and opening expert reports were served on July 29. Ten ONT fact witnesses were deposed, including senior technical personnel Stuart Reid (VP of Development) and James Clarke (VP of Platform Technology). ONT also presented its VP of Finance (Tim Cowper), its Sr. Director of Project Management (Rosemary Dokos), and both the President (Spike Willcocks) and former Treasurer (Jim McDonald) of Oxford Nanopore Technologies, Inc. As PacBio notes, ONT is a relatively small company, and thus these witnesses more than adequately cover ONT's relevant knowledge. PacBio cites no unique, discoverable, relevant knowledge that Dr. Sanghera or Mr. Brown might have that these other ONT witnesses have not provided. Indeed, despite PacBio having listed Dr. Sanghera and Mr. Brown in its own Rule 26(a) disclosures in February 2018 (Ex. D at 2), PacBio waited until May 2019 – only a month before the fact discovery cutoff at that time (D.I. 118) – to request their depositions.

Contrary to PacBio's argument, no ONT witness has singled out Dr. Sanghera as having sole authority or unique knowledge regarding ONT's decisions to release the accused products in view of others' patents. ONT Inc. President Spike Willcocks testified in relevant part:



D.I. 288, Ex. D at 159:24 – 160:10 (emphasis added). PacBio's letter omits the full context Dr. Willcocks provided, including the bolded portion above, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. E at 102:5 – 103-12. Even if

---

[1] PacBio now suggests ONT should move for protection against these depositions (D.I. 288 at 2). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. A.

The Honorable Jennifer L. Hall
August 9, 2019

███████████████████████████████████████████████████, that does not mean that other witnesses are without knowledge of the reasons for those decisions. And ████████ ████████ would not be relevant to any issue of willful infringement.

PacBio had the opportunity to obtain any non-privileged information that Dr. Sanghera or others at ONT have about ████████████████████████████████████████ ████████████████████████████ through its 30(b)(6) deposition of ONT on those topics. Ex. F at 7-9. As explained in ONT's opposition to PacBio's pending motion for leave to amend its complaint, ONT cannot have willfully infringed the asserted patents when three of them issued after the litigation was filed, and the fourth patent issued less than two months before PacBio filed suit, years after ONT entered the market. D.I. 273 at 3-4. ████████████████████████████████ ████████████ without more, is also irrelevant to willfulness. *Id.* Nevertheless, ████████ ██████████████████████████████[2] Ex. G at 93-125. As ONT has already told PacBio, any further information Dr. Sanghera has about ████████████████████████████████ ████████████████████████ is protected by attorney-client privilege. *See* Ex. H. Deposing Dr. Sanghera solely to confirm the privileged status of that knowledge is unreasonable and unnecessary. ONT has offered to resolve this matter by providing a written declaration from Dr. Sanghera confirming the basis for that privilege, but PacBio declined that offer. Exs. A & H.

Similarly, PacBio has not indicated what non-duplicative, discoverable information Clive Brown might have that is relevant to any claim or defense. Mr. Brown's presentations as ONT's public face are precisely the kind of activities typical of high-ranking officials that courts have found insufficient to defeat apex protection. *See, e.g., Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *16 (N.D. Cal. May 9, 2011) (collecting cases); *Naylor Farms, Inc. v. Anadarko OGC Co.*, 11-CV-01528-REB-KLM, 2011 WL 2535067, at *4 (D. Colo. June 27, 2011) (nothing about a public PowerPoint presentation "suggests that [the apex witness] has truly unique personal knowledge" of the relevant issues). █████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ D.I. 288, Ex. J at 246:10-11; *see also* Ex. I at 297:2-6 & 428:24 – 429:1; Ex. J at 149:14 – 150:21.

PacBio faults ONT's non-technical and other personal-capacity witnesses, but those witnesses properly declined to speculate on the content of Mr. Brown's presentations for which they lacked personal knowledge. D.I. 288 at 3 (citing Willcocks, Cowper, and Massingham testimony). But ONT presented its two technical VPs knowledgeable about that content and the structure or operation of the accused products. ONT's 30(b)(6) witness Stuart Reid answered all questions posed to him regarding Mr. Brown's presentation materials, including the materials about which PacBio complains Mr. Massingham would not speculate. Ex. K at 169:10 – 172:11. Dr. Reid simply declined to agree with PacBio's counsel's characterizations of those materials. *Id.*; *see also* D.I. 288, Ex. K at 320:3-21 & Ex. L 144:1-8. That does not mean Dr. Reid was unable to testify about them. If Dr. Reid had been unable to provide relevant information about the accused products, the proper remedy would be a further 30(b)(6) deposition of ONT, not Mr. Brown.[3]

---

[2] PacBio also deposed Dr. Sanghera about ████████████████████████████████ in the prior ITC case. Ex. L at 62:25 – 63:5.
[3] Since PacBio indicates that it intends to raise this very issue with the Court, the Court should

The Honorable Jennifer L. Hall
August 9, 2019

PacBio incorrectly suggests that because Mr. Brown is ONT's chief technical officer, he necessarily has more knowledge about the accused products than other ONT witnesses more directly involved in those activities. Nor does Mr. Brown's leadership of ONT's research efforts give him unique or even relevant information about the accused products. Whether the accused products infringe the asserted patents depends solely on the structure and operation of those products, topics about which ONT's 30(b)(6) technical witnesses already testified.

PacBio also wrongly suggests that a chief technical officer does not qualify for apex protection. Delaware courts have not limited apex status to CEOs or presidents, and the court in *Sciele Pharma, Inc. v. Lupin, Ltd.*, No. 09-37 (D. Del. Apr. 5, 2012) noted that the apex doctrine required "good cause to depose the president ***or high ranking company official***," which certainly includes a company's chief technical officer. Ex. M at 33:10-20 (emphasis added).

Much like Dr. Sanghera, any knowledge Mr. Brown has about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ or this litigation would be privileged. Curiously, PacBio suggests that it should be permitted to depose Mr. Brown in view of his public comments about Illumina's pending acquisition of PacBio (D.I. 288 at 1), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. N.

The apex doctrine creates a "rebuttable presumption that a high-level official's deposition represents a significant burden on the deponent and that this burden is undue," absent a lack of a more convenient, less burdensome, and less expensive alternative for obtaining the information sought. *U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, CV 06-3213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015). Indeed, PacBio resisted ONT's discovery of its own CEO because he "is deeply involved in numerous sensitive aspects of PacBio's business that are irrelevant to this case." Ex. O at 1.[4] Given the sensitive knowledge of ONT's own CEO and CTO, the demands on their time in a growing company with a relatively small executive team, and in view of PacBio's failure to identify any relevant, non-privileged knowledge uniquely in their possession, requiring them to give depositions would unduly hinder performance of their duties. *See Cadence Pharm., Inc. v. Paddock Labs., Inc.*, No. 11-733 (D. Del. Jan. 3, 2013) (Ex. P, Tr. at 13:5 – 14:9); *Koken v. Lexington Ins. Co.*, 04-2539, 2005 WL 6051364, at *1 (E.D. Pa. July 18, 2005).

For these reasons, Oxford respectfully requests that the Court deny PacBio's request for the depositions of Mr. Brown and Dr. Sanghera, and issue a protective order if necessary.[5]

---

resolve that issue before deciding whether Mr. Brown's deposition is necessary.

[4] ONT has not yet sought to depose PacBio's CEO Michael Hunkapiller. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ONT is considering whether to seek his deposition. If PacBio insists on deposing Dr. Sanghera and Mr. Brown, it should not be permitted to claim apex protection for Dr. Hunkapiller.

[5] To the extent the Court orders any of these depositions, they should be limited in time (*e.g.*, 2 hours) and scope in order to minimize their burden. PacBio should be required to identify the topics about which those witnesses have unique, relevant information. *See Tulip Computs. Int'l, B.V. v. Dell Comput. Corp.*, 210 F.R.D. 100, 101-02 (D. Del. 2002) (limiting inquiry to CEO's knowledge regarding defendant's method and development of the technology at issue in the case).

The Honorable Jennifer L. Hall
August 9, 2019

                                                  Respectfully,

                                                  */s/ Jennifer Ying*

                                                  Jennifer Ying (#5550)

JY:ncf
Enclosures
cc:     Clerk of Court (by hand delivery)
         All Counsel of Record (by e-mail)