IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-275 (LPS) (JLH) ) C.A. No. 17-1353 (LPS) (JLH) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) REDACTED -- PUBLIC VERSION ) ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE JENNIFER L. HALL
FROM JENNIFER YING REGARDING THE
AUGUST 26, 2019 DISCOVERY TELECONFERENCE**

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
Jeff Gritton
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6595

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Original Filing Date: August 20, 2019
Redacted Filing Date: August 27, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*

The Honorable Jennifer L. Hall
August 20, 2019

Dear Judge Hall,

Defendants Oxford Nanopore Technologies, Ltd. and Oxford Nanopore Technologies, Inc. ("ONT") respectfully submit this letter requesting the Court compel an additional Rule 30(b)(6) deposition of Pacific Biosciences of California, Inc. ("PacBio").

On July 9, 2019, PacBio presented Dr. Stephen Turner, its Chief Technical Officer and co-inventor on all 4 asserted patents, to testify as PacBio's Rule 30(b)(6) witness about 28 different topics and in his personal capacity (*see* C.A. No. 17-275, D.I. 182, 257) in a single 7-hour deposition. However, Dr. Turner was not prepared to testify about these topics as required by Fed. R. Civ. P. 30(b)(6). Dr. Turner could not promptly answer basic questions relating to the noticed topics, and evaded answering many other straightforward questions. This lack of preparation and responsiveness not only rendered many of Dr. Turner's answers insufficient, but also wasted ONT's limited deposition time, preventing ONT from conducting a fair examination about the noticed topics. An additional 30(b)(6) deposition of PacBio is necessary to cure the prejudice caused by Dr. Turner's inadequate preparation.

**I.    A 30(b)(6) witness must be prepared on all designated topics.**

"A corporation has an affirmative duty to produce a representative who can answer questions within the scope of the matters described in" a notice for a 30(b)(6) deposition. *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013). This is not just a personal duty—"[i]f necessary, the deponent must use documents, past employees, or other resources to obtain responsive information." *Id.* This is especially true when the witness is asked "a question concerning a subject that was noticed with particularity." *State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216–17 (E.D. Pa. 2008). A failure to prepare a deponent for Rule 30(b)(6)-designated topics impedes and frustrates a fair examination, which triggers the sanction provisions of Rule 30(d)(2). *Scott v. Vantage Corp.*, 2019 WL 2578622 at *4 (D. Del. June 24, 2019); *Opengate Capital Group LLC v. Thermo Fisher Scientific, Inc.*, WL 2015 5222544 at *4 (D. Del. Sept. 8, 2015). Accordingly, compelling a party to produce another witness for a deposition is "an appropriate sanction under Rule 30(d)(2)." *Opengate*, 2015 WL 5222544 at *5.

**II.    Dr. Turner's preparation was inadequate, impeding a fair examination.**

PacBio designated Dr. Turner as its 30(b)(6) witness on 28 wide-ranging topics, including: PacBio's corporate structure (Nos. 1 & 2); PacBio's pre-filing investigation (Nos. 3 & 4) and monitoring of the accused products (No. 5); ownership (No. 15), conception and reduction-to-practice (Nos. 8-12), prior art (Nos. 18 & 19), and relevant secondary considerations (Nos. 20-24); PacBio's attempts to develop products embodying the asserted patents (Nos. 27 & 39); PacBio's licensing policies and practices (Nos. 28-30); and PacBio's attendance at a 2009 genetics conference (No. 37). *See* Exs. A & B. Dr. Turner was also offered for deposition in his personal capacity during this same 7-hour timeframe. *See* Ex. C. Dr. Turner was not sufficiently prepared to address this wide range of topics in a single deposition.

    **A.    Dr. Turner was evasive and unable to promptly answer the most basic questions within his 30(b)(6) topics, which impeded a full examination.**

The Honorable Jennifer L. Hall
August 20, 2019

    Dr. Turner's inadequate preparation as a 30(b)(6) witness is clear.  Even questions taken almost verbatim from the 30(b)(6) topics themselves stumped Dr. Turner, and he evaded answering those questions for extended periods of time.  For example, ██████████████████ ██████████████ Ex. D at 151:23–25; *see also* Ex. B at 5 (███████████████████████████████████ ██████████████████████████████████████████████████████████████████████████.  Dr. Turner fumbled with this question for at least five deposition pages-worth of testimony:

- ████████████████████████████████████████████████████████████████████████ ████████████████████████████████ (Ex. D at 152:7–13);

- ████████████████████████████████████████████████████████████████████████ ████████████████████████████ (*id.* at 152:14-17);

- ████████████████████████████████████████████████████████████ ██████████████ (*id.* at 155:11-14).

*See generally id.* at 151:23 – 156:18.  This process repeated over 15 deposition pages for questions regarding conception, reduction to practice, and priority dates for each of the asserted patents.  *See, e.g., id.* at 151:22–157:22, 189:17–192:15, & 204:11–207:7.  At least twice, PacBio's counsel had to rescue a floundering Dr. Turner by requesting a recess.  *See id.* at 192:16–17, 207:8–9.

    Dr. Turner similarly evaded answering questions in his individual capacity.  For example, Dr. Turner was asked at least ***nine*** times how a person in April 2009 would determine the number of nucleotides in a particular type of nanopore—a determination essential to practicing the '400 and '323 patents.  *See* Ex. D at 249:9–12, 250:6–10, 251:11–14, 251:17–18, 252:4–6, 252:13–15, 253:5–7, 253:13–15, and 255:23–25.  In response to those inquiries, Dr. Turner refused to answer time and time again, instead ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████ *Id.* at 251:5–10.  Dr. Turner was not confused by the question—he admitted that ████████ ████████████████████████████████████████████ (*id.* at 251:13–14)—but instead quibbled over whether he could give an opinion or legal conclusion and gave other non-responsive explanations.

    By forcing ONT to expend valuable time on these repeated inquiries, PacBio prevented ONT from moving to other topics and other matters within Dr. Turner's personal knowledge.[1]  For example, ONT did not have time to ask a single question about Dr. Turner's personal knowledge regarding his activities as an inventor and his email communications produced in the case.[2]  ONT should not be denied a full and fair examination of Dr. Turner simply because PacBio chose to burden him with more 30(b)(6) topics than he was prepared to cover.

---

[1]    ONT used the full seven hours that it was allowed.  Ex. D. at 300:24 – 301:8.
[2]    PacBio has produced more than ████████████████████████████████ on which Dr. Turner is listed as the custodian.

The Honorable Jennifer L. Hall
August 20, 2019

### B. Dr. Turner was unprepared to testify about his designated topics.

Dr. Turner did not make adequate preparations to present PacBio's corporate knowledge about the conception, reduction to practice, and priority dates of the Asserted Patents (Ex. B at Topic Nos. 8, 9, 10, 11, and 12), and thus was unprepared to testify about those topics. *See* Ex. D at 151:23–152:24, 154:7–16, 189:17–190:9, and 204:11–24. Dr. Turner admitted that he neither spoke with any of his co-inventors – several of whom are still employed by PacBio – to prepare for his deposition. *See*, *e.g.*, Ex. D at 31:14–16, 31:17–20, 31:25–32:2, 32:6–25, & 33:1–3. It is unclear why Dr. Turner failed to speak with his co-inventors as he should have (*see Opengate*, 2015 WL 5222544 at *4). Indeed, Dr. Turner admitted that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* Ex. D at 31:17–20 and 32:6–25. In fact, Dr. Turner acknowledged that, other than counsel, he did not talk to anyone else at PacBio about the company's knowledge of the noticed topics. *Id.* at 30:16-20.

Nor was Dr. Turner prepared to testify about PacBio's experiments and efforts to develop a nanopore-based product (Ex. B at Topic Nos. 27 & 39). Dr. Turner testified ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. For example, Dr. Turner could not explain ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 102:3–104-11. Without this information, ONT was unable to fully discover facts regarding how the alleged inventions were made—facts at the heart of numerous noticed topics that PacBio will undoubtedly attempt to present at trial.

Similarly, Dr. Turner was unprepared to testify about PacBio's activities in monitoring and analyzing ONT's accused products, including its pre-filing investigation on whether to bring this lawsuit (Ex. B at Topic Nos. 3-5). Dr. Turner expressly identified ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ involved in those activities, but did not speak with either of them in preparation for the deposition. *See* Ex. D at 268:5 – 270:2.

Finally, Dr. Turner made other assertions relating to 30(b)(6) topics for which he was designated, but admitted that he could not identify any specific evidence to support them. For example, Dr. Turner was presented to testify about copying of the patented inventions (Ex. B at Topic No. 23), and in discussing enzymatic pathways relating to the '056 Patent, asserted that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. D at 183:14–16. But when asked "what evidence do you have that you talked about" that subject matter, Dr. Turner admitted that he ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ for the deposition. *Id.* at 187:1–6. If PacBio is permitted to assert that ONT copied its alleged inventions, PacBio must present a corporate witness prepared to testify about the factual basis for such assertions.

For all the foregoing reasons, ONT respectfully requests that the Court compel PacBio to properly prepare and produce Dr. Turner for an additional 30(b)(6) and individual deposition.

---

3 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ were deposed before Dr. Turner's deposition (▆▆▆▆▆▆) and thus ONT was unable to ask those individuals about their respective knowledge.

The Honorable Jennifer L. Hall
August 20, 2019

                                             Respectfully,

                                             */s/ Jennifer Ying*

                                             Jennifer Ying (#5550)

JY:lo
Enclosures
cc:    Clerk of Court (by hand delivery)
        All Counsel of Record (by e-mail)