IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 17-275 (LPS) (JLH) C.A. No. 17-1353 (LPS) (JLH) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendants. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL
FROM JENNIFER YING REGARDING RESPONSE TO PACIFIC
BIOSCIENCES OF CALIFORNIA, INC.'S AUGUST 20, 2019 LETTER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
Jeff Gritton
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6595

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Original Filing Date: August 22, 2019
Redacted Filing Date: August 29, 2019

Dear Judge Hall:

Oxford Nanopore Technologies, Ltd. and Oxford Nanopore Technologies, Inc.'s ("ONT") 30(b)(6) representative and VP of Development Dr. Stuart Reid was properly prepared and fully covered all questions about the '056 Topics.[1]  As such, Pacific Biosciences of California, Inc.'s ("PacBio's") request to compel a further deposition on these topics should be denied.

Contrary to PacBio's letter, the '056 Patent and deposition topics do not merely involve modifying the kinetics of an enzyme to have two steps.  Rather, the asserted claims require that an enzyme exhibit "kinetic steps" having rates within certain ratios.  D.I. 302, Ex. C at claim 1.  Because the patent does not define the applicable kinetic scheme or steps to determine whether or not a particular enzyme exhibits the claimed steps, and because that determination could vary for different schemes and steps, Chief Judge Stark initially ruled that "kinetic steps" are indefinite.  D.I. 152 at 19-21. Although Chief Judge Stark has since requested further briefing on the issue at a later date, Chief Judge Stark has still not been able to define that term and has expressly rejected PacBio's interpretation.  D.I. 255 at 6.

Against this backdrop, Dr. Reid did as well as anyone could expect in testifying under oath about ONT's documentation and knowledge about ███████████████████████████.  In view of the ambiguity surrounding the claimed "kinetic step", Dr. Reid rightfully asked for clarification regarding what PacBio's counsel meant by "step" in his questions.  *E.g.*, D.I. 302, Ex. B at 451:13-24.  Where Dr. Reid disagreed that certain concepts in ONT's documents can be deemed "steps", he explained exactly why he disagreed.  *Id.* at 448:9 – 449:10; *see also id.* at 353:16 – 354:12 (███████████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████).  To the extent PacBio finds Dr. Reid's precision "evasive" or unhelpful to its case, that problem is not of ONT's or Dr. Reid's making.[2]

PacBio selectively quotes certain passages to make it appear that Dr. Reid refused to answer questions posed by PacBio's counsel (D.I. 302 at 3), but omits the intervening testimony (in red below) where Dr. Reid did, in fact, answer those questions.



---

[1]   ONT objected to topics 26 and 27, and stated that it was not designating Dr. Reid on them.  *See* Ex. A at 31-33 & D.I. 302, Ex. A.  PacBio did not confer with ONT about those objections.  All "D.I." references herein are in C.A. No. 17-275-LPS.

[2]   Nor is this the first time PacBio has complained that Dr. Reid was evasive.  In a prior case at the International Trade Commission (ITC), PacBio sought to re-open Dr. Reid's deposition taken by the same lawyer for PacBio.  The ITC judge denied that request because he did not "think [Dr. Reid] was in the business of evading," noting that "there [were] a lot of bad questions," and even suggesting that a lawyer should "have another expert" with him when deposing someone like Dr. Reid to help avoid "ask[ing] dumb questions or questions that would confuse the witness."  Ex. B at 6:11 – 7:4.

The Honorable Jennifer L. Hall
August 22, 2019



D.I. 302, Ex. B at 420:23 – 425:4 (objections omitted).

Contrary to PacBio's misleading portrayal, Dr. Reid answered every question about ONT's technology PacBio cites in its letter.  While PacBio claims Dr. Reid was "unable to provide basic information" comparing the length of ATP-dependent and -independent processes in ONT's accused products (citing *id.* at 362:19 – 365:2), Dr. Reid testified ███████████████████████████████████████████████████████████████ *See* Fed. R. Civ. P. 30(b)(6) (only requiring testimony "about information known or reasonably available to the organization").  It is also unclear why PacBio is "astound[ed]" that Dr. Reid ██████████████████████████████████████████ D.I. 302 at 2.  Nanopores, enzymes, and DNA molecules are nanoscopic in size and not visualizable by conventional techniques.  As Dr. Reid testified, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. D.I. 302, Ex. B at 476:9-15.  But that does not require ONT to confirm or

The Honorable Jennifer L. Hall
August 22, 2019

deny under oath that such phenomena actually occur.[3]  Although PacBio faults Dr. Reid ███████
████████████, Dr. Reid simply clarified that certain portions
cherry-picked by PacBio's counsel did not "stand[] alone" when PacBio's counsel specifically asked
Dr. Reid if he had any "reason to dispute" them.  D.I. 302, Ex. B at 355:4 – 356:8.  Dr. Reid was not
required to unequivocally adopt statements in ONT's documents without clarification or context, as
a 30(b)(6) witness or otherwise.

Dr. Reid was well prepared and knowledgeable about the '056 Topics.  Dr. Reid was
previously deposed about other technical 30(b)(6) topics, and was presented for a second deposition
about the '056 Topics at PacBio's request.  In preparation, Dr. Reid reviewed ONT documents
relating to the '056 Topics and spent at least 7 hours meeting with 10 different ONT employees
about those topics, including VP of Platform Technology James Clarke,[4] Andrew Heron, and at least
4 of Dr. Heron's reports who work on enzyme movement.  *Id.* at 291:1 – 292:7 & 294:14 – 295:7;
*see also* Ex. D at 1.  Dr. Reid's preparation was more than sufficient.  *See In re Linerboard Antitrust
Litig.*, 237 F.R.D. 373, 383 (E.D. Pa. 2006).

PacBio also wrongly asserts that Dr. Reid was not knowledgeable about ████████████
█████████████████  Although PacBio highlights its counsel's commentary at the deposition
that "I know you don't personally know, because you weren't in the group at the time" (D.I. 302, Ex.
B at 467:12-14), whether Dr. Reid has ***personal*** knowledge of these topics or was involved in
preparing pertinent documents is irrelevant to whether he was a proper 30(b)(6) witness.  *Reed v.
Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2003).  Dr. Reid testified that he and his teams "would have
been heavily involved" in ████████████████, and he was the person at ONT most
prepared to testify about the '056 Topics.  D.I. 302, Ex. B at 286:5-23 & 290:3-7. Rule 30(b)(6) does
not require that Dr. Reid identify the authors of certain documents that PacBio picks from the
300,000+ that ONT has produced.[5]  *See Priv. Sols. Inc. v. SCMC, LLC*, 2016 WL 8732078, at *5
(D.N.J. May 20, 2016) (30(b)(6) deposition is not "a memory test"). Moreover, to the extent that Dr.
Reid could not testify about Clive Brown's knowledge (D.I. 302, Ex. B at 468:8 – 469:20), Mr.
Brown's forthcoming deposition moots that issue.  D.I. 297.

PacBio also suggests that ONT should have designated Andrew Heron instead of Dr. Reid.
But ONT is not required to present a 30(b)(6) witness of PacBio's choosing (*see Nippo Corp./Intern.
Bridge Corp. v. AMEC Earth & Envtl., Inc.*, 2009 WL 4798150, at *4 (E.D. Pa. Dec. 11, 2009)), and
Dr. Reid met with Dr. Heron for several hours in preparing for his deposition. D.I. 302, Ex. B at
295:1-4.  Although Dr. Heron's role was clear from documents produced months earlier (*see* Ex. D
at 1), PacBio did not request his deposition until June 13 (*see* Ex. E), in violation of the parties' May
28 stipulation that they would not seek additional depositions (*see* D.I. 244 at ¶ 1.a.).  PacBio cannot
re-cast its improper request for Dr. Heron's 30(b)(1) deposition as a 30(b)(6) dispute.  For at least the
reasons discussed above, PacBio's request should be denied.[6]

---

[3]     If PacBio wanted ONT to do so, it should have served a written RFA; it did not.
[4]     PacBio also deposed Dr. Clarke about the '056 Topics.  Ex. C (sample excerpts marked).
[5]     If PacBio needed to know who authored certain documents ONT produced, PacBio could
have asked ONT to provide that information without another deposition.
[6]     If the Court re-opens ONT's 30(b)(6) deposition, it should take place where the witness
resides, per the parties' ordinary course in depositions in this case.

The Honorable Jennifer L. Hall
August 22, 2019

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Enclosures

cc:     Clerk of Court (by hand delivery)
        All Counsel of Record (by e-mail)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) | |
| | ) | C.A. No. 17-275 (LPS) |
| Plaintiff, | ) | C.A. No. 17-1353 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| OXFORD NANOPORE TECHNOLOGIES, INC. and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS OXFORD NANOPORE TECHNOLOGIES, INC. AND OXFORD NANOPORE TECHNOLOGIES, LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF PACIFIC BIOSCIENCES OF CALIFORNIA, INC.'S FIRST NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies, Ltd. ("Oxford" or "Defendants") hereby object and respond to Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio" or "Plaintiff") Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), dated March 22, 2019 (C.A. No. 17-275, D.I. 168) (the "Notice of Deposition" or "Notice").

**GENERAL OBJECTIONS**

Oxford makes the following General Objections to PacBio's Notice of Deposition and the topics contained therein ("Deposition Topics" or "Topics"), which apply to each Topic regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, as overly broad and unduly burdensome to the extent that it covers a voluminous range of issues, many of which are overreaching and wholly unrelated to any claim or defense in the

1

above-captioned cases, and which are not reasonably calculated to lead to the discovery of admissible evidence.  Oxford has no obligation to prepare a witness to provide such testimony where its benefit is outweighed by the burden and expense of providing it.  *See* Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C)(iii).   In the event that Oxford produces a witness for the Topics identified in the Notice, to the extent that that topic is overly broad and unduly burdensome relative to the needs of the case, Oxford reserves its right to request that some or all of the expenses associated with the deposition (including but not limited to attorneys' fees and other expenses) be reimbursed by PacBio pursuant to Fed. R. Civ. P. 26(c)(1).

2.      Oxford objects to the proposed date and location as set forth in the Notice of Deposition.  Oxford will meet and confer with PacBio to agree upon one or more dates and locations for any deposition under the Notice of Deposition.

3.      Oxford generally objects to the Notice of Deposition, including any instructions, the Definitions, and the Deposition Topics, to the extent they are inconsistent with, or impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), any applicable orders that have been or may be entered by the Court, or any stipulation or agreement of the parties.

4.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense or common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or the relevant statutory or case law. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or

immunity.

5.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent that it fails to describe with reasonable particularity the matters on which examination is requested.  *See* Fed. R. Civ. P. 30(b)(6).

6.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent that it seeks information that is confidential information of non-parties, third parties to whom a duty of confidentiality is owed, and/or subject to protective orders in other litigations.  Oxford will provide such information only to the extent it can do so subject to any such protective orders and/or consistent with its obligations to any third parties to whom it owes obligations.

7.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent that it seeks information outside the possession, custody, or control of Oxford; that are not kept in the ordinary course of Oxford's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to PacBio; or that are publicly available.

8.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it seeks the disclosure of information protected under Federal Rule of Civil Procedure 26(c), such as documents containing or referencing confidential information, including but not limited to financial, proprietary, business, bidding or other competitive information, or of trade secrets.  Any such information will only be provided, if at all, pursuant to the protective order between the parties.

9.      Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent they are unduly burdensome as not being limited in time or otherwise not

limited to a time frame relevant to the above-captioned cases.

10.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it is duplicative, cumulative, or compound of other discovery requests in the above-captioned cases.

11.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it uses words and phrases that are not defined in an understandable manner. To the extent feasible, Oxford will interpret the terms and phrases used in these Deposition Topics as those terms and phrases are understood by Oxford.

12.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent that it seeks information relating to an issue of law or properly the subject of expert testimony, information that calls for a legal conclusion and/or implicates a legal strategy, or information concerning a contention or ultimate claim or defense asserted in the above-captioned cases.

13.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it assumes facts no tin evidence.  Oxford's willingness to produce a witness to testify on any such Deposition Topic shall not be construed as a concession or agreement with any implication or conclusion, factual or otherwise, that may be drawn from that Deposition Topic.

14.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it seeks information related to items not manufactured, used, offered for sale, or sold in the United States, or imported into the United States.

15.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent that it seeks to broadly define terms under the Federal Rules of Civil

Procedures, such as "Document(s)," "Thing(s)," or "Communication(s)."

16.     Oxford objects to the definitions of "Oxford Nanopore," "Oxford," "You," Your," and "Defendant" as vague, ambiguous, and overbroad with respect to its inclusion of "predecessors, successors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Oxford Nanopore Technologies, Inc. and others acting on behalf of Oxford Nanopore Technologies, Inc."  Oxford further objects to the definitions of "Oxford Nanopore," "Oxford," "You," Your," and "Defendant", and to each Deposition Topic, to the extent such definitions and requests purport to impose discovery obligations on entities that are not parties to this lawsuit and over which Oxford does not exercise control, including Oxford Nanopore Technologies, Ltd.  Oxford provides these responses only on behalf of Defendant Oxford Nanopore Technologies, Inc.  Thus, for purposes of these responses and objections, Oxford will interpret "Oxford Nanopore," "Oxford," "You," Your," and "Defendant" to include only Oxford Nanopore Technologies, Inc. and agents thereof.

17.     Oxford objects to the definition of "Accused Product(s)" as vague, ambiguous, and overbroad to the extent that it purports to cover products and systems other than those identified by PacBio in its Identification of Accused Products and any supplements thereto.

18.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, as burdensome and overbroad to the extent it seeks information identifying characteristics of each of the "Accused Product(s)" that are unrelated to the "Asserted Claim(s)" of the "Patents-in-Suit."

19.     Oxford further objects to the Notice of Deposition, and to each and every Deposition Topic, to the extent it seeks information not relevant to any claim or defense of any

party in these actions, including to the extent it seeks information regarding products, systems, or services that are beyond the scope of the infringement contentions that PacBio has provided in these actions.

20.     Oxford objects to the Notice of Deposition, and to each and every Deposition Topic, as burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents."   Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to discovery "that is relevant to any party's claim or defense and proportional to the needs of the case."   These phrases would ostensibly cover over 35 U.S. and foreign patents and applications that are not even asserted in the above-captioned cases; discovery relating to such a large number of unasserted patents, without specifying particular patents or patent applications that may be relevant to the claims and defenses in this case, would be overbroad, unduly burdensome, and not proportional to the needs of this action.

21.     Oxford objects to the terms and any corresponding definitions of "relate to," "related to," "relating to," "referring to," or "concerning" as vague and ambiguous, and as a result overbroad and unduly burdensome.

22.     Oxford objects to the definition of the term "Patents-in-Suit," to the extent it includes U.S. Patent No. 9,678,056, as that patent is no longer relevant to the case in view of the Court's claim construction ruling. To the extent that PacBio seeks a deposition regarding any topics or subject matter relevant only to the '056 Patent, Oxford requests a meet and confer to discuss the scope of such subject matter and whether such a deposition would be appropriate in view of the Court's ruling and the burdens to the parties.

## SPECIFIC OBJECTIONS AND RESPONSES

**TOPIC NO. 1:**

All facts and circumstances relating to ONT's efforts to monitor any of the Patents-in-Suit and Related Patents.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances."   Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent.  Oxford further objects to this Topic as not being limited to a relevant time period, *e.g.*, time periods before the filing dates of the Patents-in-Suit and/or after the Patents-in-Suit issued.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this

Topic as it relates to the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 2:**

ONT's first awareness of the Patents-in-Suit and Related Patents.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as being vague. Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the '400, '323, and '929 Patents to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 3:**

ONT's first awareness of any patent applications that issued as the Patents-in-Suit and Related Patents, including all time, labor, costs, and expenses associated with any potential workarounds.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, not proportion to the needs of the case, seeking information that is not relevant to any party's claim or defense, and/or not reasonably calculated to lead to the discovery of admissible evidence. Oxford further objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome. Oxford further objects to this topic as vague and ambiguous in that it is unclear as to how "all time, labor, costs, and expenses associated with any potential workarounds" can be included in or related to "ONT's first awareness of any patent applications . . . ."

Subject to and without waiving these Specific and General Objections, in view of the ambiguity noted above, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 4:**

Any proposed design-arounds or workaround contemplated by ONT to the Patents-in-Suit and Related Patents.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford further objects to this Topic to the extent that it improperly and prematurely seeks information that is the subject of expert opinion and/or expert testimony. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this

Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 5:**

Any non-infringing alternatives to the Patents-in-Suit and Related Patents.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic as not being limited to a relevant time period.  Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford further objects to this Topic to the extent that it improperly and prematurely seeks information that is the subject of expert opinion and/or expert testimony.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 6:**

Any request for review of any Patent-in-Suit or Related Patent by any foreign patent office or tribunal, including without limitation all documents related to any foreign litigations or European opposition proceedings.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks testimony regarding "all documents." Oxford further objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent. Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic as seeking information that is not relevant to any party's claim or defense, *e.g.*, to the extent that it relates to activities outside the United States and not relating to the Patents-in-Suit. Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford further objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford further objects to this request to the extent that it seeks confidential information of non-parties, third parties to whom a duty of confidentiality is owed, and/or subject to protective orders in other litigations. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its General and Specific objections, and in particular, because the burden of preparing and providing a testifying witness outweighs the minimal – if any at all – relevance of the information covered by this Topic, Oxford does not intend to designate a witness to testify regarding this Topic.

**TOPIC NO. 7:**

All facts and circumstances relating to ONT's involvement in the sale, acquisition, or licensing of any intellectual property related to nucleic acid sequencing, including the decision to license or purchase any patent related to nucleic acid sequencing.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, irrelevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks such information regarding sales, acquisitions, and/or licensing that does not relate to the Accused Products and/or the subject matter of the Patents-in-Suit. Oxford also objects to this request to the extent that it seeks information that is confidential to third parties to this litigation. Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the

extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the Accused Products and/or the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 8:**

All facts and circumstances relating to ONT's licensing practices.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, irrelevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks such information regarding licensing practices that does not relate to the Accused Products and/or the subject matter of the Patents-in-Suit. Oxford also objects to this request to the extent that it seeks information that is confidential to third parties to this litigation. Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges,

protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the Accused Products and/or the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 9:**

All facts and circumstances relating to any current or previous license of any intellectual property related to nucleic acid sequencing involving ONT.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, irrelevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks such information regarding any current or previous license that does not relate to the Accused Products and/or the subject matter of the Patents-in-Suit.  Oxford also objects to this request to the extent that it seeks information that is confidential to third parties to this litigation.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney

work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the Accused Products and/or the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

### TOPIC NO. 10:

All facts and circumstances relating to the success, failure and/or decision to continue or discontinue marketing and development of any previous nanopore sequencing device created by ONT.

### RESPONSE:

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, irrelevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks such information that does not relate to the Accused Products and/or the subject matter of the Patents-in-Suit.  Oxford further objects to this Topic as not being limited to a relevant time period or to activities in the United States.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information

subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the Accused Products, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 11:**

All facts and circumstances relating to ONT's decision to focus on development of the Accused Products, including when any such decision was made, the basis for that decision and the percent of the budget allocated for the project over time.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, irrelevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks such information that does not relate to the Accused Products and/or the subject matter of the Patents-in-Suit.  Oxford further objects to this Topic as vague and ambiguous regarding the scope of "ONT's decision to focus on development of the Accused Products".  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less

expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the Accused Products, to the extent such information is known or reasonably available to Oxford.

## TOPIC NO. 12:

All facts and circumstances relating to any similarities and/or differences between the Accused Products and the Patents-in-Suit.

## RESPONSE:

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and overbroad, not relevant, and not reasonably likely to lead to the discovery of relevant evidence to the extent that it seeks documents regarding any comparison of the Accused Products to PacBio's products regardless of whether that comparison and/or the aspects of the products being compared are relevant to infringement of the Asserted Patents or any other claim or defense in this case.  Oxford also objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding the '056 Patent.

Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford also objects to this Topic to the extent it improperly and prematurely seeks information that is the subject of expert opinions and/or expert testimony.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its General and Specific objections stated above, Oxford does not intend to designate a witness to testify regarding this Topic at this time.

**TOPIC NO. 13:**

Any efforts made by ONT to commercialize the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic as not being limited to a relevant time period or to activities in the United States.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or

19

common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to ONT's efforts to sell or offer to sell the Accused Products in the United States, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 14:**

The date of first sale of each of the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic as overbroad and irrelevant to any claim or defense in this case to the extent it relates to sales and activities outside the United States. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford believes that the information sought by this Topic can be provided by means more convenient, less burdensome, less expensive, and/or more appropriate than a deposition,

and is willing to provide relevant information as it relates to the first sale of the Accused Products in the United States in written form.   For that reason, Oxford does not intend to designate a witness to testify regarding this Topic.

**TOPIC NO. 15:**

All facts and circumstances related to the design and operation of the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances" and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this

Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 16:**

All aspects of the bioinformatics analyses used in the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll aspects" and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents. Oxford further objects to this Topic as vague and ambiguous as to what constitutes "bioinformatics" and/or "bioinformatics analyses." Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 17:**

All facts and circumstances related to ONT's decision to utilize the bioinformatics analyses employed by the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances" and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents. Oxford further objects to this Topic as vague and ambiguous as to what constitutes "bioinformatics" and/or "bioinformatics analyses." Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 18:**

All methods, techniques, or processes of base calling used in the Accused Products, including but not limited to the processes used to identify polynucleotide bases according to levels of ionic current generated from passage of a polynucleotide through a nanopore.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll methods, techniques, or processes," and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 19:**

The source code used in the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.  Oxford objects to this Topic to the extent it does not identify with particularity the matters upon which examination is sought.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 20:**

All revisions to, or versions of, the source code used in the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll revisions to, or versions of, the source code", *e.g.*, regardless of whether any such versions or revisions were used in the Accused Products and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition

Topics unduly burdensome.  Oxford objects to this Topic to the extent it does not identify with particularity the matters upon which examination is sought.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents and the Accused Products, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 21:**

All aspects of preparing a sample for the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll aspects" and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks information regarding activities not performed by Oxford and/or otherwise not within Oxford's knowledge.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the

extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic with Oxford's possession, custody, or control as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 22:**

The processes, hardware, structures, and methods used in the Accused Products to identify levels of ionic current generated from passage of a polynucleotide through a nanopore.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 23:**

The processes, hardware, structures, and methods used in the Accused Products to reduce error rate associated with nanopore sequencing, including without limitation, all processes involving sequencing both strands of double-stranded polynucleotides.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic to the extent it is seeking information that is not relevant to any party's claim or defense in the case and/or not reasonably calculated to lead to the discovery of admissible evidence. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its Specific and General Objections, in particular, because it solely relates to antitrust claims which are no longer part of this litigation, and therefore not relevant, Oxford does not intend to designate a witness to testify regarding this Topic.

**TOPIC NO. 24:**

The processes, hardware, structures, and methods used by the Accused Products to control translocation of a polynucleotide through a nanopore.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 25:**

All aspects of the enzymes used in the Accused Products to control translocation of a polynucleotide through a nanopore, including but not limited to their identity, kinetics, and their effectiveness in nanopore sequencing.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as

overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll aspects" and to the extent it seeks information regarding the Accused Products that is not relevant to the elements of the asserted claims of the '400, '323, and '929 Patents.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 26:**

All aspects of the Accused Products that ONT contends form a basis for noninfringement of the Patents-in-Suit.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll aspects."  Oxford objects to this Topic as irrelevant, overly burdensome and

overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent.  Oxford further objects to the extent this Topic is improperly and prematurely seeking information that is the subject of expert opinion and/or expert testimony.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford objects to this Topic as an improper contention deposition topic.  *See, e.g.,* *Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005).  As such, Oxford will not provide a witness on this Topic.

**TOPIC NO. 27:**

All facts and circumstances supporting ONT's contention that any aspect of the Accused Products are substantially different or perform a substantially different function in a substantially different way than one or more limitations of the Patents-in-Suit, including the identity of all such limitations.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances."  Oxford objects to this Topic as irrelevant, overly

burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent.  Oxford further objects to the extent this Topic is improperly and prematurely seeking information that is the subject of expert opinion and/or expert testimony.  Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford objects to this Topic as an improper contention deposition topic.  *See, e.g., Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005). As such, Oxford will not provide a witness on this Topic.

**TOPIC NO. 28:**

The detailed financial information related to the Accused Products, including without limitation:

a) The number of units sold;
b) All fixed and variable costs and expenses incurred by ONT in connection with the Accused Products;
c) ONT's net and gross revenue derived from the Accused Products;
d) ONT's profits and profit margins derived from the Accused Products;
e) All fixed and variable costs and expenses incurred by ONT in connection with any products or services sold for or intended for use with the Accused Products;
f) ONT's net and gross revenue derived from any products or services sold for or intended for use with the Accused Products;

g) ONT's profits and profit margins derived from any products or services sold for or intended for use with the Accused Products;

h) The quantity of sales of the Accused Products; and

i) The quantity of sales of any products or services sold for or intended for use with the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll fixed and variable costs." Oxford further objects to this Topic as not being limited to a relevant time period and/or activities or sales within the United States. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to sales or other activities within the United States, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 29:**

ONT's profits or losses related to the Accused Products in each fiscal year including 2014, 2015, 2016, 2017, 2018, and 2019 to date.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 30:**

Customer acceptance for, demand for, or complaints relating to the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent it is seeking information that is not relevant to any party's claim or

defense in the case and/or not reasonably calculated to lead to the discovery of admissible evidence.   Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its Specific and General Objections, in particular, because it solely relates to antitrust claims which are no longer part of this litigation, and therefore not relevant, Oxford does not intend to designate a witness to testify regarding this Topic.

## TOPIC NO. 31:

All facts and circumstances relating to the process by which ONT validates and tests the Accused Products.

## RESPONSE:

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances."   Oxford further objects to this Topic as not being limited to a relevant time period and not limited to activities in the United States.   Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.   *See* Fed. R. Civ. P. 26(b)(2)(C).   Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.   Oxford objects to this Topic

36

to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to the asserted claims of the '400, '323, and '929 Patents, to the extent such information is known or reasonably available to Oxford.

**TOPIC NO. 32:**

Any discussion, analysis, or complaints relating to the accuracy of the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as seeking information that is not relevant to any party's claim or defense in the case, and/or not reasonably calculated to lead to the discovery of admissible evidence. Oxford further objects to this Topic as not being limited to a relevant time period. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its Specific and General Objections, in particular, because it solely relates to antitrust claims which are no longer part of this litigation, Oxford does not intend to designate a witness to testify regarding this Topic.

**TOPIC NO. 33:**

All facts and circumstances relating to any public statements made by, or on behalf of, ONT regarding the accuracy of the Accused Products.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, not relevant to any party's claim or defense in the case, and/or beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances." Oxford further objects to this Topic as not being limited to a relevant time period.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Based on its Specific and General Objections, in particular, because it solely relates to antitrust claims which are no longer part of this litigation, Oxford does not intend to designate a witness to testify regarding this Topic.

**TOPIC NO. 34:**

All facts and circumstances, relating to the type, amount, factual bases and support for all damages that ONT believes constitute a reasonable royalty or other appropriate measure of relief, should liability be established, including:

a) The method used to calculate the reasonable royalty rate;
b) The data used in such calculations;
c) The source of the data;
d) The royalty rate so calculated;
e) The base to which the royalty rate is to be applied.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances," and is not limited to the Accused Products and/or the Patents-in-Suit.   Oxford further objects to this Topic to the extent that it improperly and prematurely seeks information that is the subject of expert opinion and/or expert testimony. Oxford also objects to this Topic as premature because PacBio has yet to assert its damages theory in this case.   Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.   *See* Fed. R. Civ. P. 26(b)(2)(C).   Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.   Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford objects to this Topic as an improper contention deposition topic.  *See, e.g.,*
*Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005).
As such, Oxford will not provide a witness on this Topic.

**TOPIC NO. 35:**

All facts and circumstances relating to marketing of the Accused Products, including any
marketing plans, market analysis, and sales forecasts.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are
incorporated by reference as though fully set forth herein, Oxford objects to this request as
overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it
seeks "[a]ll facts and circumstances."  Oxford further objects to this Topic as not being limited to
a relevant time period or activities within the United States.  Oxford further objects to this Topic
to the extent that it seeks discovery of information available by means that are more convenient,
less burdensome, less expensive, and/or more appropriate than by this Notice, including
interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to
this Topic to the extent that it seeks information subject to and protected by attorney-client
privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or
any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the
extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore
renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will
designate one or more witnesses to testify regarding non-privileged information covered by this
Topic to the extent it relates to marketing of the Accused Products in the United States, to the
extent such information is known or reasonably available to Oxford.

**TOPIC NO. 36:**

The identity of all potential competitors to ONT, including but not limited to manufacturers of single molecule sequencing devices.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic as seeking information that is not relevant to any party's claim or defense, and/or not reasonably calculated to lead to the discovery of admissible evidence. Oxford further objects to this Topic as not being limited to a relevant time period, activities within the United States, and/or the Accused Products. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 37:**

Any discussion or analysis of any potential competitors to ONT in the market for single molecule sequencing devices.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic as seeking information that is not relevant to any party's claim or defense, and/or not reasonably calculated to lead to the discovery of admissible evidence. Oxford further objects to this Topic as not being limited to a relevant time period, activities within the United States, and/or the Accused Products. Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 38:**

All facts and circumstances relating to ONT's attempts to monitor potential competitors including the sales and marketing of other single molecule sequencing devices.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic as seeking

information that is not relevant to any party's claim or defense, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Oxford further objects to this Topic as not being limited to a relevant time period, activities within the United States, and/or the Accused Products.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 39:**

Communications by ONT with investors or potential investors regarding the validity or potential infringement of the Patents-in-Suit.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic as not being limited to a relevant time period.  Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent.  Oxford further objects to this Topic to the extent that it

seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 40:**

All facts and circumstances supporting any contention that the Patents-in-Suit are anticipated or obvious in light of one or more prior art references including:

a) The identify of all allegedly invalidating prior art;
b) The level of ordinary skill in the art;
c) The basis for any contention that allegedly anticipatory prior art is enabled;
d) Any teaching, suggestion, or motivation to combine one or more prior art references.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances." Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding "Related Patent" or "Related Patents" or the '056 Patent. Oxford further objects to the extent this Topic is

improperly and prematurely seeking information that is the subject of expert opinion and/or expert testimony.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford objects to this Topic as an improper contention deposition topic.  *See, e.g., Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005).  As such, Oxford will not provide a witness on this Topic.

**TOPIC NO. 41:**

All facts and circumstances supporting any contention that practicing the claims of the Patents-in-Suit would require undue experimentation including:

a)  The quantity of experimentation needed;
b)  The amount of direction or guidance presented in the Patents-in-Suit;
c)  The presence or absence of working examples in the Patents-in-Suit;
d)  The nature of the invention covered by the Patents-in-Suit;
e)  The state of the prior art;
f)  The relative skill of those in the art;
g)  The predictability or unpredictability of the art;
h)  The breadth of the claims covered by the Patents-in-Suit.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this request as

overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks "[a]ll facts and circumstances."   Oxford objects to this Topic as irrelevant, overly burdensome and overbroad to the extent it seeks information regarding the '056 Patent.  Oxford further objects to the extent this Topic is improperly and prematurely seeking information that is the subject of expert opinion and/or expert testimony.  Oxford further objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Oxford objects to this Topic as an improper contention deposition topic.  *See, e.g., Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005).  As such, Oxford will not provide a witness on this Topic.

**TOPIC NO. 42:**

The policies and procedures for ONT's record keeping, including without limitation ONT's document destruction policy.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including

interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford is willing to meet and confer to discuss the relevance and appropriate scope, if any, of the information sought by this Topic.

**TOPIC NO. 43:**

ONT's organizational structure.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Oxford further objects to this Topic as not being limited to a relevant time period, activities within the United States, and/or the Accused Products.  Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities.  Oxford objects to this Topic to the extent that it is duplicative of

other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, Oxford will designate one or more witnesses to testify regarding non-privileged information covered by this Topic as it relates to Oxford's activities within the United States relating to the Accused Products, to the extent such information ins known or reasonably available to Oxford.

**TOPIC NO. 44:**

The identity, location, authenticity, and business record status of documents and other tangible things constituting evidence relating to the categories set forth in Topics 1 through 43 above.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, as well as the individual Specific Objections set forth in each of the Topics 1 through 43 above, the witnesses

Oxford has agreed to designate for Topics 1 through 43 above will testify regarding this Topic. Oxford does not intend to put forth a separate witness to testify regarding this Topic.

**TOPIC NO. 45:**

The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 through 43 above.

**RESPONSE:**

In addition to and without limiting the foregoing General Objections, which are incorporated by reference as though fully set forth herein, Oxford objects to this Topic to the extent that it seeks discovery of information available by means that are more convenient, less burdensome, less expensive, and/or more appropriate than by this Notice, including interrogatories and requests for production. *See* Fed. R. Civ. P. 26(b)(2)(C). Oxford objects to this Topic to the extent that it seeks information subject to and protected by attorney-client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privileges, protections, or immunities. Oxford objects to this Topic to the extent that it is duplicative of other Topics, or other discovery requests in this case, and therefore renders the set of Deposition Topics unduly burdensome.

Subject to and without waiving these Specific and General Objections, as well as the individual Specific Objections set forth in each of the Topics 1 through 43 above, the witnesses Oxford has agreed to designate for Topics 1 through 43 above will testify regarding this Topic. Oxford does not intend to put forth a separate witness to testify regarding this Topic.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
David Varghese
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
(512) 322-2642

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
(214) 953-6595

Elizabeth Durham Flannery
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Aaron S. Rabinowitz
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, D.C.  20004-2400
(202) 639-7700

April 5, 2019

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendants Oxford Nanopore*
*Technologies, Inc. and Oxford Nanopore*
*Technologies, Ltd.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 5, 2019, I caused copies of the foregoing document to be

served upon the following in the manner indicated:

Brian E. Farnan, Esquire                                              *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Edward R. Reines, Esquire                                          *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Plaintiff*

*/s/ Jennifer Ying*
Jennifer Ying (#5550)

# EXHIBITS B-E REDACTED IN THEIR ENTIRETY