IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-275 (LPS) |
| OXFORD NANOPORE TECHNOLOGIES, INC., and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) ) | REDACTED -- PUBLIC VERSION |
| Defendants. | ) ) | |

**DEFENDANT OXFORD NANOPORE TECHNOLOGIES, INC.'S
ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Oxford Nanopore Technologies, Inc. ("Oxford, Inc." or Defendant) by and through its undersigned counsel, hereby responds to Plaintiff Pacific Biosciences of California, Inc.'s ("PacBio" or "Plaintiff") Second Amended Complaint for Patent Infringement ("Second Amended Complaint") filed on July 11, 2019 and allowed by the Court on August 15, 2019.

As an initial matter, Oxford, Inc. denies each and every allegation contained in the Second Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Additionally, to the extent that the headings or any other non-numbered statements in the Second Amended Complaint contain any allegations, Oxford, Inc. denies each and every such allegation. Oxford, Inc. includes headings herein solely for purposes of clarity.

**NATURE OF THE ACTION**

1.      Oxford, Inc. admits that the Second Amended Complaint purports to state a claim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1, et seq. Oxford, Inc. denies any remaining allegations of paragraph 1.

2.      Oxford, Inc. admits that the Second Amended Complaint purports to bring an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.  Oxford, Inc. denies any remaining allegations of paragraph 2.

**THE PARTIES**

3.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 3 and, therefore, denies them.

4.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 4 and, therefore, denies them.

5.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 5 and, therefore, denies them.

6.      Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 6 and, therefore, denies them.

7.      Oxford, Inc. admits that Oxford Nanopore Technologies, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1 Kendall Square, Bldg. 200, Cambridge, Massachusetts 02139.  Oxford, Inc. is unsure what PacBio means by "engaged in commercialization."  Oxford, Inc. admits that it has sold or distributed products under the trademarks MinION, PromethION, and GridION X5, as well as reagents and kits for use with the same, in the United States.  Oxford, Inc. denies any remaining allegations of paragraph 7.

8.    Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 8, and therefore denies them.

### JURISDICTION AND VENUE

9.    Oxford, Inc. admits that the Second Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. Oxford, Inc. denies any remaining allegations of paragraph 9.

10.    Oxford, Inc. admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement based on 28 U.S.C. §§ 1331 and 1338(a).  Oxford, Inc. denies any remaining allegations of paragraph 10.

11.    Oxford, Inc. admits that this Court has personal jurisdiction over Oxford, Inc. for purposes of this action only.  Oxford, Inc. admits that it has conducted business in Delaware and is incorporated under Delaware law.  Oxford, Inc. denies any remaining allegations of paragraph 11.

12.    Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 12, and therefore denies them.

13.    Oxford, Inc. admits that Exhibit 13, which appears to be a printout of https://sites.udel.edu/wisserlab/people, states, *inter alia*, that an individual is "our resident expert on Oxford Nanopore MinION sequencing."  Oxford, Inc. admits that Exhibit 14 appears to be a document stating, *inter alia*, "Oxford Nanopore Technologies Ltd. Nanopore Community Terms and Conditions – 30 March 2017."    Oxford, Inc. admits that Exhibit 15 appears to be a document stating, *inter alia*, "Nanopore Product Terms and Conditions."  Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 13, and therefore denies them.

14.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 14, and therefore denies them.

15.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 15, and therefore denies them.

16.     Oxford, Inc. admits that Spike Willcocks and James McDonald are officers of Oxford, Inc.   Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 16, and therefore denies them.

17.     Oxford, Inc. admits that Exhibit 16, which appears to be a printout of https://www.linkedin.com/in/sisseljuul/, states, *inter alia*, "Sissel Juul Jensen."   Oxford, Inc. admits that Exhibit 17, which appears to be a printout of https://www.linkedin.com/in/spike-willcocks-88319b32/, states, *inter alia*, "Spike Willcocks."   Oxford, Inc. admits that Exhibit 18, which appears to be a printout of https://www.linkedin.com/in/james-brayer-b751386, states, *inter alia*, "James Brayer."   Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 17, and therefore denies them.

18.     Oxford, Inc. admits that Exhibit 19, which appears to be a printout of https://nanoporetech.com/contact, states, *inter alia*, "Oxford Headquarters."   Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 18, and therefore denies them.

19.     Oxford, Inc. admits that Baker Botts L.L.P. is its legal counsel in the present action and in Investigation No. 337-TA-1032 at the International Trade Commission ("ITC"). Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 19, and therefore denies them.

20.     Oxford, Inc. admits that with regards to Oxford, Inc., venue is proper in this Court under 28 U.S.C. § 1400(b) because Oxford, Inc. is a Delaware corporation.  Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 20, and therefore denies them.

## **BACKGROUND**

21.     Oxford, Inc. is unsure what PacBio means by "commercializing."  Oxford, Inc. admits that it has distributed products under the following trademarks MinION, PromethION, and GridION X5, as well as reagents and kits for use with the same in the United States. ██████ ███████████████████████████████████████████████████████ Oxford, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore denies them.

22.     Oxford, Inc. admits that it has distributed instruments under the following trademarks MinION, PromethION, and GridION X5, as well as reagents, consumables, and/or software for use therewith.  Oxford, Inc. admits that paragraph 22 includes what appears to be illustrations of the exterior and interior of a MinION device.  Oxford, Inc. further admits that paragraph 22 includes what appears to be an illustration of a nanopore as seen in Exhibit 5 of the First Amended Complaint.  Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case.  Oxford, Inc. denies any remaining allegations of paragraph 22.

23.     Oxford, Inc. admits that Exhibit 6 to the First Amended Complaint, which appears to be a printout of the biostars.org website, states, *inter alia*, "[t]he PromethION, a whole box of MinION sequencers."  Oxford, Inc. admits that paragraph 23 includes what appears to be an

illustration of a PromethION instrument. Oxford, Inc. denies any remaining allegations of paragraph 23.

24.     Oxford, Inc. admits that paragraph 24 includes what appears to be an illustration of DNA being drawn through a hole. Oxford, Inc. denies any remaining allegations of paragraph 24.

25.     Oxford, Inc. is unsure what systems PacBio intends to encompass by the phrase "nanopore-based DNA sequencing systems." Oxford, Inc. is unsure what PacBio means by "the signal that results" and "interacts with the nanopore." Oxford, Inc. lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding sequencing systems generally, and therefore denies them. Oxford, Inc. denies any remaining allegations of paragraph 25.

26.     Oxford, Inc. admits that paragraph 26 contains what appears to be a reproduction of claim 1 of the '400 Patent. Oxford, Inc. denies any remaining allegations of paragraph 26.

27.     Oxford, Inc. denies the allegations of paragraph 27.

28.     Oxford, Inc. admits that Exhibit 2 to the First Amended Complaint purports to be a preliminary and exemplary claim chart detailing Oxford, Inc. alleged infringement of multiple claims of the '400 Patent. Oxford, Inc. denies any remaining allegations of paragraph 28.

## ALLEGED WILLFUL INFRINGEMENT

29.     Oxford, Inc. denies the allegations of paragraph 29.

30.     Oxford, Inc. denies the allegations of paragraph 30.

31.     To the extent the allegations of paragraph 31 purport to characterize witness testimony, said testimony speaks for itself. Oxford, Inc. denies the allegations of paragraph 31.

32.     Oxford, Inc. admits that ONTS.ITC.00029591 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission. To the extent the

allegations of paragraph 32 purport to characterize the contents of written documents, said documents speak for themselves. Oxford, Inc. denies any remaining allegations of paragraph 32.

33.     Oxford, Inc. admits that ONTS.ITC.00004332 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission. To the extent the allegations of paragraph 33 purport to characterize the contents of written documents, said documents speak for themselves. Oxford, Inc. denies any remaining allegations of paragraph 33.

34.     Oxford, Inc. admits that ONTS.ITC.00762348 was a document produced in Investigation No. 337-TA-1032 at the International Trade Commission. To the extent the allegations of paragraph 34 purport to characterize the contents of written documents, said documents speak for themselves. Oxford, Inc. denies any remaining allegations of paragraph 34.

35.     Oxford, Inc. admits that Exhibit 12 to the First Amended Complaint appears to be a copy of an information disclosure statement filed in U.S. Patent Application No. 13/147,159. Oxford, Inc. admits that the face of the '400 Patent claims priority to an application that appears to have published as U.S. Patent Application Publication No. 2010/0331194. Oxford, Inc. denies any remaining allegations of paragraph 35.

36.     To the extent the allegations of paragraph 36 purport to characterize witness testimony, said testimony speaks for itself. Oxford, Inc. denies the allegations of paragraph 36.

37.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 37 and, therefore, denies them.

38.     Oxford, Inc. is without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 38 and, therefore, denies them.

39.     Oxford, Inc. admits ███████████████████████████████

███████████████████████████.  Oxford, Inc. denies any remaining

allegations of paragraph 39.

## COUNT I

### (Alleged Infringement of U.S. Patent No. 9,546,400)

40.     Oxford, Inc. repeats and restates its answers to the preceding paragraphs herein

and incorporates them herein by reference as though fully set forth in their entirety.  Oxford, Inc.

denies any remaining allegations of paragraph 40.

41.     Oxford, Inc. admits that U.S. Patent No. 9,546,400 ("the '400 Patent") is, on its

face, entitled "Nanopore Sequencing Using N-mers."  Oxford, Inc. admits that the face of the

'400 Patent indicates it was issued on January 17, 2017, and lists as inventors Steven Turner and

Benjamin Flusberg.  Oxford, Inc. admits that the face of the '400 Patent indicates that it is

assigned to Plaintiff PacBio.  Oxford, Inc. is without knowledge or information sufficient to form

a belief regarding the truth of the remaining allegations of paragraph 41 and, therefore, denies

them.

42.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether

this paragraph is attempting to define the term differently from the Accused Products identified

by PacBio separately in this case.  Oxford, Inc. denies that it has infringed or continues to

infringe any valid claim of the '400 Patent, literally or under the doctrine of equivalents.  Oxford,

Inc. denies that Exhibit 2[1] is or purports to be a preliminary and exemplary claim chart detailing

Oxford, Inc.'s alleged infringement of any claims of the '400 Patent.  Oxford, Inc. denies any

remaining allegations of paragraph 42.

---

[1]     Oxford, Inc. notes that paragraph 42 of PacBio's Second Amended Complaint references "Exhibit 3," which Oxford, Inc. believes is a typographical error for "Exhibit 2."

43.     Oxford, Inc. admits that Exhibit 12 to the First Amended Complaint appears to be a copy of an information disclosure statement filed in U.S. Patent Application No. 13/147,159. Oxford, Inc. admits that the face of the '400 Patent claims priority to an application that appears to have published as U.S. Patent Application Publication No. 2010/0331194.  Oxford, Inc. denies any remaining allegations of paragraph 43.

44.     Oxford, Inc. admits that ███████████████████████████████████ ████████████████████████████████████████████████████████████ ████████     Oxford, Inc. denies that it has infringed or continues to infringe any valid claim of the '400 Patent.  Oxford, Inc. denies any remaining allegations of paragraph 44.

45.     Oxford, Inc. admits that paragraph 45 appears to reference an excerpt of the Response of Oxford Nanopore Technologies Ltd., Oxford Nanopore Technologies, Inc., and Metrichor Ltd. To the Complaint of Pacific Biosciences of California, Inc., and Notice of Investigation No. 337-TA-1032 at Exhibit 8, ¶ 53.  Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case.  Oxford, Inc. denies any remaining allegations of paragraph 45.

46.     Oxford, Inc. is unsure what PacBio means by "Accused Products" and whether this paragraph is attempting to define the term differently from the Accused Products identified by PacBio separately in this case.  Oxford, Inc. admits that Exhibit 9 to the First Amended Complaint, which appears to be a printout from the website https://nanoporetech.com, states, *inter alia*, that the technology in at least certain of Oxford, Inc.'s products offers "real-time DNA/RNA sequencing," "no capital cost," "long reads," "scalability," and "high-fidelity." Oxford, Inc. denies any remaining allegations of paragraph 46.

47.     Oxford, Inc. admits that customers in the United States may purchase starter packs for Oxford's MinION or GridION X5 instruments from the website https://nanoporetech.com. Oxford admits that Exhibit 10 to the Second Amended Complaint, which appears to be a printout from the website https://nanoporetech.com/getting-started-with-minion, states, *inter alia*, "[b]uy a Starter Pack to join the growing numbers in the Nanopore Community." Oxford, Inc. denies any remaining allegations of paragraph 47.

48.     Oxford, Inc. denies the allegations of paragraph 48.

49.     Oxford, Inc. denies the allegations of paragraph 49.

50.     Oxford, Inc. admits that flowcells for use in the MinION and PromethION instruments include protein nanopores that may be used with certain reagents in methods for sequencing nucleic acid molecules. Oxford, Inc. denies any remaining allegations of paragraph 50.

51.     Oxford, Inc. denies the allegations of paragraph 51.

52.     Oxford, Inc. denies the allegations of paragraph 52.

## PRAYER FOR RELIEF

53.     Oxford, Inc. denies that PacBio is entitled to any of the relief sought in its prayer for relief against Oxford, Inc.  PacBio's prayer should be denied in its entirety and with prejudice.

## DEMAND FOR JURY TRIAL

54.     Oxford, Inc. does not object to a trial by jury on all issues so triable.

55.     All allegations not specifically admitted are denied.

## DEFENSES

56.     By asserting the following Defenses, the burden of proof has not shifted from PacBio for any issue where PacBio bears the burden, including, without limitation, infringement.

Oxford, Inc. reserves the right to amend its response, including asserting additional affirmative and other defenses as they may be discovered or otherwise become available.

57.     _Non-Infringement of the '400 Patent_.   Oxford, Inc. has not infringed, either directly, indirectly, by inducing infringement of others, by contributing to the infringement of others, or in any other manner, any valid and enforceable claim of the '400 Patent either literally or under the doctrine of equivalents.

58.     _Invalidity of the '400 Patent_.   One or more claims of the '400 Patent are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

59.     _Prosecution History Estoppel_.   PacBio is estopped from construing the claims of the '400 Patent to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Oxford, Inc. because of admissions, amendments, and statements to the USPTO during prosecution of the applications leading to the issuance of the '400 Patent or related family members.

60.     _No Entitlement to Injunctive Relief_.   PacBio's claim for injunction relief is barred at least because PacBio has not suffered any irreparable injury and because PacBio has an adequate remedy at law.

61.     _Government Sales_.   PacBio's claims for relief are limited by 28 U.S.C. § 1498.

62.     _Statutory Damages Limitation_.   PacBio's claim for damages is statutorily limited by 35 U.S.C. §§ 286, 287 and/or 288.

63.     Oxford, Inc.'s investigation of its defenses is continuing, and Oxford, Inc. expressly reserves the right to assert any additional defenses under the Federal Rules of Civil

Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or be available in the future based upon discovery and further investigation in this case.

## COUNTERCLAIMS

Counterclaimant Oxford Nanopore Technologies, Inc. ("Oxford, Inc."), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges its Counterclaims against Pacific Biosciences of California, Inc. ("PacBio" or "Plaintiff") as follows:

## THE PARTIES

1.      Oxford, Inc. is a corporation organized under the laws of Delaware, having its principal place of business in Cambridge, Massachusetts.

2.      According to PacBio's Second Amended Complaint (D.I. 268), PacBio is a corporation organized under the laws of Delaware, having its principal place of business in Menlo Park, California.

## JURISDICTION

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4.      PacBio has subjected itself to personal jurisdiction in this Court because it is a Delaware corporation and has sued Oxford, Inc. in this Court.

## VENUE

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      PacBio has consented to venue in this Court because it is a Delaware corporation and because it has filed its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

## ACTUAL CONTROVERSY

7.      According to PacBio's Second Amended Complaint, PacBio claims to be the assignee and owner of all rights, title to, and interest in United States Patent No. 9,546,400 ("the '400 Patent"). D.I. 268, Ex. A at ¶ 41.  PacBio has alleged that Oxford, Inc. has infringed and is infringing the '400 Patent, which Oxford, Inc. denies.

8.      An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Oxford, Inc. and PacBio.  Oxford, Inc. seeks a declaration that it has not infringed and does not infringe the '400 Patent; and that the '400 Patent is invalid.

## COUNTERCLAIM ONE

### (Declaratory Judgment of Non-Infringement of the '400 Patent)

9.      Oxford, Inc. repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

10.      Although PacBio alleges in its Second Amended Complaint that (i) Oxford, Inc. has infringed or continues to infringe the claims of the '400 Patent literally or under the doctrine of equivalents, (ii) Oxford, Inc. actively, knowingly, and intentionally has induced, or has threatened to induce infringement of the '400 Patent, and (iii) Oxford, Inc. has contributed to, or has threatened to contribute to, the infringement by its customers of the '400 Patent, Oxford, Inc. has not infringed and does not infringe any valid claim of the '400 Patent under any theory of infringement.

11.      A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '400 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM TWO

### (Declaratory Judgment of Invalidity of the '400 Patent)

12.     Oxford, Inc. repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

13.     The claims of the '400 Patent are invalid under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter.

14.     The claims of the '400 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of prior art.  For example, one or more claims of the '400 Patent are invalid due to the following prior art: (i) "Machine Learning Methods for Channel Current Cheminformatics, Biophysical Analysis, and Bioinformatics," a dissertation by Stephen Winters-Hilt (2003); (ii) U.S. Patent No. 7,731,826 (Hibbs); (iii) U.S. Patent Pub. No. 2008/0041733 (Hibbs Application); (iv) Sigalov et al., "Detection of DNA Sequencing Using an Alternating Electric Field in a Nanopore Capacitor," Nano Lett. 8:56-63 (2008) and its supporting information; (iv) U.S. Patent 6,446,198 (Sazegari); and/or (v) U.S. Patent App. Pub. No. 2006/0063171 (Akeson).

15.     The claims of the '400 Patent are invalid under 35 U.S.C. § 112 for failing to comply with one or more of the written description requirement, the enablement requirement, and the definiteness requirement.

16.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '400 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

### PRAYER FOR RELIEF

WHEREFORE, Oxford, Inc. prays that the Court enter judgment in its favor and against PacBio, as follows:

A.     Dismissing, with prejudice, PacBio's claims against Oxford, Inc.;

B.      Denying all relief that PacBio seeks in its Second Amended Complaint;

C.      Declaring that Oxford, Inc. has not infringed and does not infringe, either directly

or indirectly, any claim of the '400 Patent;

D.      Declaring that the '400 Patent is invalid;

E.      Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Oxford,

Inc. its costs and attorneys' fees; and

F.      Awarding Oxford, Inc. any other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
jlyons@mnat.com

*Attorneys for Defendant Oxford Nanopore*
*Technologies, Inc.*

OF COUNSEL:

David G. Wille
Johnson K. Kuncheria
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980
(214) 953-6595

Liz Durham Flannery
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX  77002
(713) 229-2104

Stephen M. Hash
Puneet Kohli
Samoneh Kadivar
David Varghese
Jeff Griffin
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Austin, TX  78701
(512) 322-2500

Original Filing Date:  August 29, 2019
Redacted Filing Date:  September 10, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 29, 2019, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                        *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Edward R. Reines, Esquire                                    *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Robert S. Magee, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Plaintiff*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)