# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACIFIC BIOSCIENCES OF CALIFORNIA, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-275-LPS<br>) C.A. No. 17-1353-LPS<br>) |
| OXFORD NANOPORE TECHNOLOGIES, INC. and OXFORD NANOPORE TECHNOLOGIES, LTD., | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Having reviewed Defendants' Motion to Redact Portions of the August 14, 2019 Discovery Teleconference (the "Motion") (C.A. No. 17-275 D.I. 340; C.A. No. 17-1353 D.I. 371) and the related submissions (C.A. No. 17-275 D.I. 341, 359; C.A. No. 17-1353 D.I. 372, 390), the Court DENIES the motion. The public has an interest in understanding judicial proceedings, even if they have a limited interest in documents submitted in connection with discovery dispute proceedings. *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016). Accordingly, although there is no presumptive right of public access to discovery motions and supporting documents filed with the court, *see Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993), the public does have a right of access to hearing transcripts. *See, e.g., Newman v. Gen. Motors Corp.*, C.A. No. 02-135 (KSH), 2008 WL 5451019, at *6 (D.N.J. Dec. 31, 2008); *see also In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51-52 (D.D.C. 2004).

"[T]he party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."

*Softview LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at *9 (D. Del. Jul. 26, 2012); *see also In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019).[1] In this case, Defendants have failed to meet their burden to show that disclosure of the unredacted transcript would work a "clearly defined and serious injury" upon them. *Id.* I have also reviewed each of the proposed redactions, and I think that it is unlikely that the particular information at issue is capable of working the kind of serious injury contemplated by the rule. For example, the proposed redactions do not contain trade secrets, scientific data, strategic plans, or financial information. And merely stating that the proposed redactions contain discussions of documents marked "Confidential" or "Highly Confidential" is insufficient to support a motion to redact a transcript of a judicial proceeding. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-510 (D. Del. 2012). Finally, any minimal potential harm that disclosure might cause is outweighed by the public interest in having access to judicial proceedings. *See, e.g., In re Avandia*, 924 F.3d at 672-73; *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988).

For these reasons, Defendants' Motion to Redact Portions of the August 14, 2019 Discovery Teleconference is DENIED.

IT IS SO ORDERED this 4th day of November, 2019.

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants cite the *Pansy* factors in support of redacting the transcript. *See* C.A. No. 17-275 D.I. 340; C.A. No. 17-1353 D.I. 371; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). The *Pansy* factors, however, govern the appropriateness of a protective order, not the sealing of judicial proceedings. *In re Avandia*, 924 F.3d at 675-76 (rejecting application of *Pansy* factors to proceedings subject to the presumptive right of public access).