

March 9, 2020

<u>Via E-File</u>
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

Re: **Pacific Biosciences of California, Inc. v. Oxford Nanopore Tech., Inc.,**
<u>C.A. Nos. 17-cv-275, 1353-LPS</u>

Dear Chief Judge Stark:

Pursuant to Section V.D.1 of the Parties' Proposed Final Pretrial Order (D.I. 448), Plaintiff Pacific Biosciences of California, Inc. ("PacBio") and Defendants Oxford Nanopore Technologies, Inc. and Oxford Nanopore Technologies, Ltd. (collectively, "ONT") through counsel, submit the attached unresolved objections to witness testimony by deposition to be offered into the record on March 11, 2020.

## Testimony of Dr. Gordon Sanghera

ONT objects to the PacBio designations of Dr. Sanghera's deposition testimony that are listed in the table below. The table immediately following that one lists PacBio objections to ONT's related counter-designations. Both parties' respective positions on each objection are included in the tables, as required by the Proposed Final Pretrial Order. The complete transcript of Dr. Sanghera's deposition is attached to this letter as Exhibit A. All designations and counter-designations (including unobjected designations) have been highlighted and the testimony objected to has been expressly identified.

### ONT Objections to PacBio Designations

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
| 30:17-19 | Oxford maintains its privilege objections as to the document in question, which was clawed-back prior to the deposition, and all resulting testimony. | ONT has no privilege objection to maintain as it did not object during the deposition and did not include the objection in the PTO (see PTO p. 56), and in any event the designated testimony does not contain the content of attorney-client communications. |
| 30:21-22 | Oxford maintains its privilege | ONT has no privilege objection to |

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
|  | objections as to the document in question, which was clawed-back prior to the deposition, and all resulting testimony. | maintain as it did not object during the deposition and did not include the objection in the PTO (see PTO p. 56), and in any event the designated testimony does not contain the content of attorney-client communications. |
| 31:20-32:4 | Oxford maintains its privilege objections as to the document in question, which was clawed-back prior to the deposition, and all resulting testimony. | ONT has no privilege objection to maintain as it did not object during the deposition and did not include the objection in the PTO (see PTO p. 56), and in any event the designated testimony does not contain the content of attorney-client communications. |
| 41:13-15 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (*see, e.g.* 19:7-8) and in any event the testimony is about an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 44:3-45:3 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (*see, e.g.* 19:7-8) and in any event the testimony relates to an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 45:20-46:11 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony relates to an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's |

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
| | | patent rights generally. |
| 51:11-13 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | The testimony relates to an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 51:16-52:5 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection to 51:16-52:5 by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony relates to an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 52:16-18 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (*see, e.g.* 19:7-8) and in any event the testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 52:20-53:5 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (*see, e.g.* 19:7-8) and in any event the testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 53:7-13 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony relates to an email discussing PacBio's patents and is probative of |

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
| | | Sanghera's dismissiveness of PacBio's patent rights generally. |
| 53:15-21 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony relates to an email discussing PacBio's patents and is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 53:24-54:1 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | The testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 54:13-16 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | The testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 54:18 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | The testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 60:2-4 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
| 60:6 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (see, e.g. 19:7-8) and in any event the testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |
| 61:22-24 | Oxford objects that that the line of questioning was outside the scope of the magistrate judge's order limiting Dr. Sanghera's testimony to personal knowledge of the asserted patents. | ONT waived its scope objection by failing to even raise it at the deposition even though ONT included it elsewhere (*see, e.g.* 19:7-8) and in any event the testimony is probative of Sanghera's dismissiveness of PacBio's patent rights generally. |

**PacBio Objections to ONT Counter-Designations**

| Testimony | PacBio's Objections | ONT's Response |
|---|---|---|
| 24:14-19 | ONT's attempt to carve this answer up to avoid the Court's order regarding PacBio's motion *in limine* No. 1 precluding reference to legal counsel is tolerable for the first and second sentences, but fails for the third sentence (24:18-19) because it disturbs the meaning of the second sentence and still implicates the MIL order. | The clause at issue does not discuss any advice of counsel and refers to subject matter experts, who are not attorneys as shown in the witness's testimony. |
| 31:4-15 | ONT's designation is a flagrant attempt to violate the Court's order regarding PacBio's motion in limine No. 1 that is not justified by the questioning related to Depo Exhibit 6, which merely notes without reference to counsel or advice that PacBio nanopore claims were | Oxford agrees to remove this counter-designation, and maintains its privilege objections as to the document in question and all resulting testimony. |

5

| Testimony | PacBio's Objections | ONT's Response |
|---|---|---|
| | transmitted from Willcocks to Sanghera. | |
| 46:12-47:1 | ONT's attempt to carve this answer up to avoid the Court's order regarding PacBio's motion in limine No. 1 fails because the overall meaning would change with the necessary removals and there are references to IP attorneys and that Sanghara allegedly defers to them. | Oxford agreed to remove the clause at issue to comply with the Court's order, and the remaining language and references to "IP attorney" does not suggest whether advice of counsel was sought. |

### Testimony of Clive Brown

ONT objects to the PacBio designations of Mr. Brown's deposition testimony that are listed in the table below. The table immediately following that one lists PacBio objections to ONT's related counter-designations. Both parties' respective positions on each objection are included in the tables, as required by the Proposed Final Pretrial Order. The complete transcript of Mr. Brown's deposition is attached to this letter as Exhibit B. All designations and counter-designations (including unobjected designations) have been highlighted and the testimony objected to has been expressly identified.

### ONT Objections to PacBio Designations

| Testimony | ONT's Objections | PacBio's Response |
|---|---|---|
| 36:7-15 | Oxford objects to this testimony as irrelevant, prejudicial, and misstating the witness testimony. | The cited testimony accurately reflects the witnesses testimony, is non-prejudicial, and is relevant to ONT's understanding of the pre-2009 state of the art. |

### PacBio Objections to ONT Counter-Designations

| Testimony | PacBio's Objections | ONT's Response |
|---|---|---|
| 86:1-12 | PacBio objects to ONT's designation as incomplete deposition testimony | Oxford's designation complies with the Court's Pretrial Order to eliminate |

| Testimony | PacBio's Objections | ONT's Response |
|---|---|---|
| | under FRE 106 because it does not include the entire answer. | irrelevant material, and the remaining testimony is irrelevant to the question designated. |

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)